SOUTHERN ICE CO. v. MORRIS et al. †

(Circuit Court of Appeals, Fifth Circuit. January 19, 1915.)

No. 2629.

1. ESTOPPEL ☞83—VALUE OF PROPERTY—REPRESENTATIONS.

A buyer who acquires property at the price asked, half of which is paid in cash and the other half in stock represented by him and accepted by the seller as the equivalent of cash, is estopped to claim that such price was other than the value of the property, or that the seller was not damaged as a result of the stock being of substantially less value than represented.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 218, 227–229; Dec. Dig. ☞83.]

2. EVIDENCE ☞265—ADMISSIONS.

Where defendant purchased an ice plant from plaintiffs at the price asked and fraudulently induced plaintiffs to accept certain corporate stock as a part of the price, the transaction involved an admission by defendant that the plant was worth the price, so that in plaintiffs' action for damages they were not required to prove the value of the plant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1029–1050; Dec. Dig. ☞265.]

3. FRAUD ☞59—DAMAGES—DIFFERENCE BETWEEN ACTUAL AND REPRESENTED VALUE.

Where plaintiffs were induced to accept certain stock in part payment for an ice plant and the stock was of much less value than represented, plaintiffs' measure of damage was the difference between the actual and represented value of the stock.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. ☞59.]

In Error to the District Court of the United States for the Northern District of Georgia; Wm. T. Newman, Judge.

Action by W. M. Morris and another against the Southern Ice Company. Judgment for plaintiffs (214 Fed. 168), and defendant brings error. Affirmed.

Clifford L. Anderson and Daniel W. Rountree, both of Atlanta, Ga., for plaintiff in error.

George Westmoreland and Churchill P. Goree, both of Atlanta, Ga., for defendants in error.

Before WALKER, Circuit Judge, and MAXEY and FOSTER, District Judges.

PER CURIAM. The contention that the petition or complaint was subject to the demurrer interposed to it is sought to be supported on the ground that, because of its failure to allege or show the value of the property acquired by the defendant from the plaintiffs, it is to

be regarded as failing to show that any recoverable damages were sustained in consequence of the fraudulent misrepresentation or deceit counted on. In other words, the contention is that, though the plaintiffs were by the alleged fraudulent representation of the defendant induced to part with their property for a consideration greatly less in value than the one they were led to suppose they were receiving, yet they cannot recover anything without showing that what they parted with was worth more than what they received for it. The authorities principally relied on to support this position are the following: Sigafus v. Porter, 179 U. S. 116, 21 Sup. Ct. 34, 45 L. Ed. 113; Smith v. Bolles, 132 U. S. 125, 10 Sup. Ct. 39, 33 L. Ed. 279; Rockefeller v. Merritt, 76 Fed. 909, 22 C. C. A. 608, 35 L. R. A. 633; Stratton's Independence Limited v. Dines, 135 Fed. 449, 68 C. C. A. 161. It is only by leaving out of view a material feature of the case at bar that the rulings complained of can be regarded as not in harmony with those made in the cases just cited.

[1] The averments of the petition or complaint in this case and evidence offered in support of those averments show that in the transaction which resulted in the defendant's acquisition of the ice plant of the plaintiffs there was such an agreement on or acquiescence in the valuation and price put by the plaintiffs on that property as to estop the defendant from raising in this case the question of its actual value. Those averments and that evidence show that the plaintiffs priced and valued that property to the defendant at $100,000; that the defendant, without questioning that price or valuation, secured and exercised an option to buy that property for $50,000 in cash and $50,000 in specified corporate stock at par by representing to the plaintiffs that that stock was in fact worth par. The case is one of a sale of property at the price asked for it by the seller, who was induced to accept part of that price in other property by the purchaser's representation that such other property was worth the amount of the part of the price in payment of which it was given. A purchaser who so acquires property at the price asked for it, half of that price being paid in cash and the other half in what was represented by him and accepted by the seller as the equivalent of cash, thereby estops himself from claiming that such price was other than the value of the property, or that the seller was not damaged as a result of what he so accepted as the equivalent of cash turning out to be substantially less valuable than it was represented to be. In the opinion rendered in the case of Rockefeller v. Merritt, supra, it was recognized that this rule of estoppel is applicable in favor of a seller who dealt on the faith of the price he asked being paid in cash or its equivalent.

[2] As the transaction by which the ice plant was disposed of involved an admission by the defendant that it was worth $100,000, it was not incumbent on the plaintiff to aver and prove its value. Sun Printing & Publishing Association v. Moore, 183 U. S. 642, 674, 22 Sup. Ct. 240, 46 L. Ed. 366.

[3] We are not of opinion that the trial court was in error in its rulings to the effect that the sellers of the ice plant were entitled to be paid the price or admitted value at which it was sold, and that the

damages they sustained by the purchaser's misrepresentation of the value of the stock given and accepted as a part payment were to be measured by the difference between its actual and its represented value. Those rulings enabled the plaintiffs to recover, not damages for the loss of anticipated speculative profits from the corporate stock accepted at par, but only compensation for its not having the value it was represented to have and at which it was accepted as the equivalent of cash.

The judgment appealed from is affirmed.