## In re CLOUTIER BROS.

(District Court, D. Maine. December 28, 1915.)

No. 10754.

**1. BANKRUPTCY ⚙═⇒407—DISCHARGE—MAKING FALSE STATEMENT TO OBTAIN CREDIT.**

A statement made by a partnership to a mercantile agency concerning its financial condition was the statement of the partnership within Bankr. Act July 1, 1898, c. 541, § 14 (3), 30 Stat. 550, as amended by Act June 25, 1910, c. 412, § 6, 36 Stat. 839 (Comp. St. 1913, § 9598), relative to denying a discharge where money or property is obtained on credit upon a materially false statement made for the purpose of obtaining credit, though the statement was made by the firm's bookkeeper and not on the personal investigation of either copartner.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. ⚙═⇒407.]

**2. BANKRUPTCY ⚙═⇒407—DISCHARGE—MAKING "FALSE STATEMENT TO OBTAIN CREDIT."**

Bankr. Act, § 14 (3), as amended by Act June 25, 1910, § 6, provides for the denial of a discharge if the bankrupt has obtained money or property on credit upon a materially false statement in writing made by him to any person or representative for the purpose of obtaining credit from such person. *Held*, that a false statement made to a mercantile agency by a debtor seeking credit with intent that the statement shall go to some one who will extend credit bars a discharge, as the agency is to be regarded as the representative of the debtor and his agent for the purpose of obtaining credit by means of exhibiting the false statement.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. ⚙═⇒407.]

**3. BANKRUPTCY ⚙═⇒407—DISCHARGE—MAKING FALSE STATEMENT TO OBTAIN CREDIT.**

To bar a discharge under Bankr. Act, § 14 (3), as amended by Act June 25, 1910, § 6, a statement made to obtain credit must not only be untrue, but must be willful or intentionally misleading.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. ⚙═⇒407.]

**4. BANKRUPTCY ⚙═⇒407—DISCHARGE—MAKING FALSE STATEMENT TO OBTAIN CREDIT.**

A firm which subsequently became bankrupt made a financial statement to a mercantile agency in which it was stated that the open accounts for merchandise at the date of the statement amounted to $10,839.89. The unpaid open accounts for merchandise at that time in fact exceeded $14,000. A creditor's credit manager obtained this statement from the agency, and, relying thereon and believing it to be true, the creditor sold merchandise to the bankrupt. *Held*, that the bankrupt obtained property on credit upon a materially false statement in writing made for the purpose of obtaining credit; and a discharge will be denied under Bankr. Act, § 14 (3), as amended by Act June 25, 1910, § 6.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. ⚙═⇒407.]

In Bankruptcy. In the matter of Cloutier Bros., bankrupts. On exceptions by the trustee to the report of a Special Master on an ap-

⚙═⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

plication for a discharge. Exceptions sustained, and report overruled in part, and discharge refused.

Maurice E. Rosen, of Portland, Me., for trustee in bankruptcy.
Fred W. Clair, of Waterville, Me., for bankrupt.

HALE, District Judge. [1] This case comes before me upon exceptions by the trustee to the report of the special master, in matter of the discharge of the bankrupts. The trustee urges that the proofs show the bankrupts to have made a materially false statement in writing to a mercantile agency, for the purpose of obtaining credit; and that thereby credit was actually obtained from Clapp & Tilton, of Boston. The proofs show that on April 10, 1914, Edmond A. Cloutier, one of the bankrupts, in behalf of the firm of Cloutier Bros., made a statement to Bradstreet's Mercantile Agency with reference to the financial and credit standing of Cloutier Bros., in order that those from whom Cloutier Bros. should buy, and those to whom they should sell, would be able to get information regarding the financial and credit standing of Cloutier Bros. The statement was made by the bookkeeper. Edmond A. Cloutier, however, refers to it in his testimony as his statement; and it must be taken as the statement of the bankrupt firm, even though it was not made on the personal investigation of either copartner. The statement shows open accounts for merchandise $10,839.89 at the date of the statement, April 10, 1914. It appears in testimony that the total unpaid invoices, namely, the unpaid open accounts for merchandise at that time were $14,243.43, figuring only from March 1, 1914, namely, for only the six weeks before that time.

[2, 3] Since the amendment of 1910 (Act June 25, 1910, c. 412, § 6, 36 Stat. 839 [Comp. St. 1913, § 9598]), section 14 of the Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 550, provides that the judge shall discharge the applicant, unless he has (3) "obtained money or property on credit upon a materially false statement in writing, made by him to any person or representative for the purpose of obtaining credit from such person." It is the duty of courts to hold merchants to a strict accountability for statements made in the course of business to a mercantile agency for the purpose of obtaining credit. A false statement made to such agency by a debtor seeking credit, and intending that the statement shall go to some one who will extend him credit, must be held to be a bar to a discharge. The mercantile agency is to be regarded as the representative of the debtor, and his agent for the purpose of obtaining credit by means of exhibiting a false statement. To bar a discharge, the credit statement must not only be untrue; it must be false; it must be willful or intentionally misleading. Since the amendment of 1903 (Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797), and before the amendment of 1910, it has been held that the statement made to the commercial agency was the same in effect as if made direct to the parties who relied upon it. In re Kyte (D. C.) 174 Fed. 867, 870, 871; Tindle v. Birkett, 171 N. Y. 520, 64 N. E. 210, 89 Am. St. Rep. 822. There is, of course, much more reason for holding this since the amendment of 1910, which inserted the words "or representative."

[4] In the case at bar, a careful examination of the testimony leads me to the conclusion that the statement made by Edmond A. Cloutier in behalf of the bankrupts was intentionally misleading. The explanation given by Edmond A. Cloutier for the credit statement is not satisfactory. Arthur W. Coolidge testifies that he obtained from the Bradstreet Agency a report of the credit statement made April 10, 1914; and that, relying upon this statement, and believing it to be true, Clapp & Tilton, for whom he is credit manager, sold merchandise to Cloutier Bros. Upon this testimony I am constrained to hold that the bankrupt did obtain property on credit upon a materially false statement in writing made by the bankrupts to the Bradstreet Mercantile Agency for the purpose of obtaining credit. In view of my conclusion, it is unnecessary to consider the other questions presented.

To the extent indicated, the exceptions to the report of the special master are sustained; and to that extent the report of the special master is overruled. In consequence, a discharge to the bankrupts will be refused.