## ZIMMERN v. BLOUNT.

(Circuit Court of Appeals, Fifth Circuit. January 23, 1917.)

No. 2979.

1. FRAUD ☞45—ACTION—COMPLAINT.
   A count in a complaint, alleging that defendant's agent, who negotiated the loan for him, falsely and fraudulently represented that the bank stock pledged to secure the loan had a fair market value of $140 a share when the loan was made, and that plaintiff was induced to part with money on such representation and so injured, is sufficient to state a cause of action in deceit, the averment that plaintiff was induced to part with his money by reason of the alleged false representation implying his ignorance of its falsity and his belief in and their reliance on its truth and the allegation that the representation was falsely and fraudulently made, including knowledge by plaintiff's agent of its falsity.
   [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 40; Dec. Dig. ☞45.]

2. PRINCIPAL AND AGENT ☞156—FALSE REPRESENTATIONS—LIABILITY OF PRINCIPAL.
   Defendant is liable for false representations by his agent from which he profited, though the fraud is not personal to him.
   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 583–587; Dec. Dig. ☞156.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. FRAUD ⬡⟶11(2)—FALSE REPRESENTATIONS—STATEMENTS OF FACT—VALUE OF STOCK.

. The statement of the market value of a stock which has an ascertainable value is a statement of a fact, and not a mere expression of opinion.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 13; Dec. Dig. ⬡⟶11(2).]

4. FRAUD ⬡⟶43—COMPLAINT—INJURY—VALUE OF SECURITY.

A complaint for false representations as to the value of stock pledged to secure a loan is sufficient, without showing that the stock was not worth the amount of the loan, since plaintiff was entitled to the additional security afforded by the excess of the value of security over the amount of the loan.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 37; Dec. Dig. ⬡⟶43.]

5. CORPORATIONS ⬡⟶306—LIABILITY OF DIRECTORS—FICTITIOUS DIVIDEND.

The declaration of an unearned dividend by the directors of a corporation may be a fraud which renders the directors liable to one who purchased stock at an inflated market value created by such dividend.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1457, 1458; Dec. Dig. ⬡⟶306.]

6. FRAUD ⬡⟶46—ELEMENTS—REPRESENTATION TO PLAINTIFF.

An averment of a false representation made to plaintiff, not to the public generally, by defendant, by which plaintiff was deceived to his injury, is essential to an action of deceit.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 41; Dec. Dig. ⬡⟶46.]

7. BANKRUPTCY ⬡⟶426(1)—DISCHARGE—DEBTS NOT RELEASED—FRAUD.

Though a fraud may be committed in ways other than by false representations and still be actionable, it is only fraud by obtaining property by false pretenses or false representations which prevents the release of a bankrupt from his provable debts under Bankruptcy Act July 1, 1898, c. 541, § 17a (2), 30 Stat. 550, as amended by Act Feb. 5, 1903, c. 487, § 5 (Comp. St. 1913, § 9601).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787, 793–807; Dec. Dig. ⬡⟶426(1).]

8. FRAUD ⬡⟶43—COMPLAINT—FALSE REPRESENTATIONS.

A complaint, alleging that defendant's agent, who negotiated a loan for which bank stock was pledged as security, represented to plaintiff that the bank had never missed a dividend, but in fact the bank directors, of whom defendant was one, had declared an unearned dividend for the purpose of giving a fictitious value to the stock, is sufficient.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 37; Dec. Dig. ⬡⟶43.]

9. FRAUD ⬡⟶43—COMPLAINT—FICTITIOUS DIVIDEND.

A count, alleging that defendant, as director of a bank, participated in declaring an unearned dividend to enable him to dispose of the stock owned by him at a fictitious value to the public, that plaintiff was deceived thereby, and that defendant obtained plaintiff's money by a loan for which the bank stock was pledged as security, sufficiently stated a cause of action in deceit.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 37; Dec. Dig. ⬡⟶43.]

---

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

10. ELECTION OF REMEDIES &3(2)—ACTION ON NOTE AND FOR FRAUD.
   The holder of a note, secured by false representations as to the value of security pledged therefor, can proceed on the note and at the same time seek to enforce his cause of action for deceit.
   [Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 3; Dec. Dig. &3(2).]

11. BANKRUPTCY &426(1)—PLEADING—REPLY.
   One suing on a note can reply to a plea of discharge in bankruptcy that the debt sued on is for obtaining money by false pretenses or representations.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787, 792; Dec. Dig. &426(1).]

In Error to the District Court of the United States for the Northern District of Florida; Wm. B. Sheppard, Judge.

Action by Samuel Zimmern against William A. Blount. Judgment for defendant, on demurrer to the amended counts of the complaint and to the replications, and defendant brings error. Reversed and remanded.

The plaintiff in error, plaintiff in the District Court, originally instituted this suit on a promissory note, alleged to have been executed by the defendant in error, who was defendant in the District Court. The defendant filed a plea, relying upon a discharge in bankruptcy theretofore obtained by him. The plaintiff thereupon filed four replications to this plea, to all of which demurrers were sustained. The plaintiff thereupon amended his complaint by adding six additional counts, all of which, except the fifth, relied upon a cause of action in deceit. The plaintiff also filed, as replications to the defendant's said plea, five replications identical with the five amended counts, which relied upon deceit as a cause of action. To these five amended counts and to the five replications, the defendant interposed demurrers, which were sustained by the District Judge, and, the plaintiff declining to plead further, judgment was entered against him, from which writ of error is taken. The alleged deceit consisted in certain alleged false representations as to the value of 50 shares of the capital stock of the First National Bank of Pensacola, which was pledged by defendant to secure said loan evidenced by the note sued upon.

Harry T. Smith, of Mobile, Ala., for plaintiff in error.
Francis B. Carter, of Pensacola, Fla., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge (after stating the facts as above). The questions presented by the demurrers are the sufficiency of amended counts numbered 2, 3, 4, 5, and 7, and replications numbered 1, 2, 3, 4, and 5 to defendant's plea of discharge in bankruptcy. The amended counts and corresponding replications are practically identical in legal effect.

[1] The second count and first replication charge that defendant's agent, who negotiated the loan for him, falsely and fraudulently represented that the bank stock, which was pledged by defendant to secure the loan, had a fair market value of $140 a share, when the loan was made, and that the plaintiff was induced to part with money on such representation, and so injured. Perhaps the averments of the count

and of the corresponding replication might have been more specific. However, we think they set out the elements of a cause of action in deceit, as against the grounds of the demurrer. The averment that plaintiff was induced to part with his money by reason of the alleged false representation implies his ignorance of its falsity and belief in and reliance upon its truth. The allegation that defendant's agent falsely and fraudulently represented the value of the stock includes the idea of knowledge on his part of the falsity. Forsyth v. Vehmeyer, 177 U. S. 177–180, 20 Sup. Ct. 623, 44 L. Ed. 723; Bank of Montreal v. Thayer (C. C.) 7 Fed. 625.

[2] Nor is it necessary that the fraud be personal to the defendant. It is sufficient if committed by his agent and he profit by it. Such a fraud, so committed, will prevent a discharge in bankruptcy from operating to release the bankrupt from a debt obtained by it. Strang v. Bradner, 114 U. S. 555, 5 Sup. Ct. 1038, 29 L. Ed. 248; In re Cloutier (D. C.) 228 Fed. 569.

[3] We think the statement of the market value of a stock, which has an ascertainable market value, is a statement of a fact, and not the mere expression of an opinion. Intrinsic value may be the subject of opinion only. Louisville Jeans Co. v. Lischkoff, 109 Ala. 136–141, 19 South. 436; Gordon v. Butler, 105 U. S. 558, 26 L. Ed. 1166.

[4] We think also the averments of the count and replication are sufficient to show that plaintiff suffered injury by reason of the alleged misrepresentation. It is contended that the true market value of the stock is not stated. The allegation that the stock was falsely and fraudulently represented to have a certain market value includes the idea that its true value was, at least, substantially less. It is, however, also contended that, though substantially less than represented, if it was at the time of the loan of a value equal to the amount loaned on it and interest, the plaintiff suffered no injury, and that there is no averment to the contrary in the pleading. This is a mistaken conception. The plaintiff had a right to rely on its value, as represented. Non constat, but he would have been unwilling to lend the money on security, equal to the amount of the loan, though willing to do so on security one and one half times greater in value. Few lenders are satisfied with collateral of no greater market value than the amount loaned. If the value of the stock was just sufficient to secure the amount of the loan, when made, any loss suffered by the bank, between the making of the loan and its maturity, which affected the market value of its stock, would impair the sufficiency of the security, since it was originally only just sufficient. If the value of the stock had been as represented, the plaintiff would have had a margin, against which to offset such future losses. To this protection he was entitled. He was entitled to it by virtue of his right to rely on the truth of the representation. If it was false, he did not receive what he had a right to expect, and thereby suffered legal injury. His right was to receive a value equivalent to what was represented to him to be the true market value of the stock, and he suffered legal injury, if any less value was given him.

The third, fourth, fifth, and seventh amended counts and the second, third, fourth, and fifth replications proceed on a different theory from

that contained in the second amended count and the first replication, though some of the grounds of demurrer apply equally to all the counts and replications. Those already considered in relation to the second amended count and first replication need not be reconsidered. The class of pleadings, now to be considered, is not predicated upon any false representation made by the defendant's agent who negotiated the loan. They are based on the alleged declaration of an unearned and contributed dividend, through the instrumentality of the bank's directors, including defendant, with the purpose of creating a fictitious value for the bank's stock.

[5] A fraud may be committed upon one who, relying upon the assurance of the solvency of the corporation, given by the declaration of an unearned dividend, is induced to purchase its stock, at an exaggerated and inflated market value, for which the directors may be held liable. The creation of a fictitious market value for the stock by such methods by the directors for the purpose of enabling them to dispose of their stock at the inflated value is a fraud upon any such purchaser of the stock. Chesbrough v. Woodworth, 195 Fed. 883, 116 C. C. A. 465; Bank of North America v. Crandall, 87 Mo. 208; King v. Livingston Mfg. Co. (Ala.) 68 South. 898; In re Cloutier (D. C.) 228 Fed. 569.

The third amended count and the second replication charge the defendant with having fraudulently participated in the declaration of an unearned and contributed dividend for the purpose of giving a fictitious market value to his stock to enable him the better to dispose of it; that his agent represented to plaintiff the true market value of the stock, and that plaintiff was induced by the fraud to part with his money. These pleadings do not allege that plaintiff knew of the declaration of the unearned dividend, relied upon it in making the loan, or was deceived by it. The representation made to him by the agent as to the market value of the stock was true. It is not alleged that the implied representation arising from the declaration of the dividend was communicated to him; that he knew of it, relied upon it, or was deceived by it. It is alleged that the public, relying on it, created a fictitious market value for the stock, and that plaintiff was injured by the fraudulent declaration of the dividend, by buying the stock at a market value established for the stock by the fraud. Whether this is a sufficient showing of a cause of action in deceit, in view of the omission of any averment that the plaintiff was deceived by any representation, express or implied, made to him by defendant or his agent, may admit of doubt. The averment is that the representation was made to the public, not to the plaintiff, and that the public was deceived by it, and not the plaintiff, and a fictitious value so given the stock, and that the plaintiff was injured in buying it at the inflated value the public was so induced to put upon it.

[6] There is therefore an absence of averment of a false representation made to plaintiff by defendant, by which plaintiff was deceived to his injury, which is essential to an action of deceit.

[7] A fraud may be committed in ways other than by the making of false representations, and be actionable. In considering the third

count, as an original cause of action, independent of the plea of discharge in bankruptcy, it would be unimportant whether the alleged fraud was committed by the making of false representations or otherwise. However, in considering the second replication to the plea of discharge in bankruptcy, as a sufficient answer to it, it is important to determine not only whether the replication sufficiently charges fraud, but fraud "by obtaining property by false pretenses or false representations," which is the only kind of fraud that prevents the release of bankrupt from his provable debts. Section 17a (2), Bankruptcy Act of 1898 as amended.

[8] The fourth amended count and third replication allege that the defendant's agent, who negotiated the loan, represented to plaintiff that the bank "had never missed a dividend." It also alleges the declaration of the unearned and contributed dividend for the purpose and in the manner set out in the third count. It alleges, as the third count fails to do, that the defendant "did by means thereof deceive the plaintiff and thereby obtain his money." In view of the facts as to the alleged fraudulent declaration of the dividend, the representation that the bank had never missed a dividend may well have been false. It is alleged to have been made to plaintiff. It is further alleged that:

"Defendant knew and participated in the said false and fraudulent declaration of dividends, for the purpose as aforesaid, and did by means thereof deceive the plaintiff, and thereby obtain his money."

We think this sets out a good cause of action "for the obtaining of property by false pretenses or false representations," and is not so indefinite as to time as to encounter defendant's general demurrer that it is vague and uncertain.

[9] The fifth and seventh amended counts and the fourth and fifth replications charge the defendant with having, as a director of the bank, participated in the declaration of an unearned and contributed dividend for the purpose of enabling the defendant to better dispose of stock owned by him and at a fictitious value to the public, that the plaintiff was deceived as to the value of the stock by such means, and that the defendant thereby obtained the plaintiff's money. There is no allegation of any representation made plaintiff by the defendant's agent as in the preceding counts. There is, however, an allegation that the defendant deceived the plaintiff by the false appearance of solvency given the bank by the alleged fraudulent declaration of dividend, and obtained his money thereby. We think these pleadings are sufficient to set out a cause of action in deceit for obtaining property by false representations. They allege, expressly or by necessary implication, the making of the representation, its falsity, defendant's knowledge of its falsity, plaintiff's ignorance of its falsity, his reliance upon its truth, and his resulting injury.

[10] The plaintiff has the right to proceed upon the note and at the same time seek to enforce his alleged cause of action for deceit. They are in no sense inconsistent remedies. Talcott v. Friend, 179 Fed. 676, 103 C. C. A. 80, 43 L. R. A. (N. S.) 649; Friend v. Talcott, 228 U. S. 27, 33 Sup. Ct. 505, 57 L. Ed. 718; 20 Cyc. 87, and note.

[11] The authorities also support the right of the plaintiff to reply,

to a plea of discharge in bankruptcy, that the debt sued on is for obtaining money by false pretenses or representations. Forsyth v. Vehmeyer, 177 U. S. 177, 20 Sup. Ct. 623, 44 L. Ed. 723; Crawford v. Burke, 195 U. S. 176–178, 25 Sup. Ct. 9, 49 L. Ed. 147; Talcott v. Friend, 179 Fed. 678, 103 C. C. A. 80, 43 L. R. A. (N. S.) 649.

For the reasons assigned, the judgment is reversed, and the case remanded, to be further proceeded with in conformity with this opinion.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes