[Civ. No. 2744.  Second Appellate District, Division One.—February 27, 1919.]

HENRIETTA PAUL BOWMAN et al., Respondents, v. PROVIDENT REALTY INVESTMENT COMPANY (a Corporation), Defendant; S. C. PRATT, Appellant.

[1] BANKRUPTCY — DISCHARGE — JUDGMENT BARRED—MOTION TO QUASH EXECUTION—ABSENCE OF FRAUD.—On an appeal from an order denying a motion made by a defendant to quash an execution on a judgment on the ground that the judgment debtor had been released from the judgment by his discharge in bankruptcy, it is held that the judgment, which was entered by defendant's consent for money received by him from the plaintiff for a half interest in an inchoate land speculation which was never completed, was barred by the discharge, under subdivision 2 of section 17 of the Federal Bankruptcy Act, there being nothing disclosed by the complaint in the action from which the slightest inference could be drawn that the defendant obtained the money by false pretenses or representations, and there being no allegation therein of fraud or deceit practiced on the plaintiff by the defendant.

APPEAL from an order of the Superior Court of Los Angeles County. Grant Jackson, Judge. Reversed.

The facts are stated in the opinion of the court.

Heney & Carr for Appellant.

W. A. Martin for Respondents.

SHAW, J.—Defendant S. C. Pratt appeals from an order denying his motion to recall and quash a writ of execution issued upon a judgment theretofore rendered against him in favor of Henrietta Paul Bowman.

The motion was based upon the conceded fact that subsequent to the rendition of said judgment Pratt was duly adjudged a bankrupt by the United States district court and, in October, 1916, an order was duly made for his discharge as such. The judgment was included in Pratt's schedule of liabilities, and Bowman's claim based thereon allowed in February, 1917. Thereafter, in October, 1917, the clerk of the superior court, as requested by the judgment creditor, issued an execution on the judgment, which was followed by Pratt's motion and an order denying the same.

[1] That appellant's discharge as a bankrupt released him from all liability upon the judgment must be conceded, unless the indebtedness falls within the exception specified in subdivision 2 of section 17 of the Federal Bankruptcy Act, [U. S. Comp. Stats. (1916), sec. 9601, 1 Fed. Stats. Ann., 2d ed., pp. 708, 716], which provides that "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . (2) are liabilities for obtaining property by false pretenses or false representations." The question then presented for determination is, Was the indebtedness upon which the judgment is founded a liability for property obtained by false pretenses or false representations? The judgment in the case of *Bowman* v. *Pratt* and his codefendant, Provident Realty Investment Company, was entered upon defendant filing his consent thereto; hence we must look solely to the complaint to ascertain the nature of the liability. As shown by the complaint, the material facts are as follows: In September, 1913, C. M. Wood, the City Builders Investment Company, a corporation, and the Big Five Corporation, a corporation, listed and placed certain real property for sale with one Charles P. Rogers. Thereafter defendants agreed with said Rogers, Wood, the two corporations named, and the Title

Guarantee and Trust Company, a corporation, to buy and handle said properties so listed with Rogers, upon certain specified terms, conditions, and prices for the sale and handling of same; it being agreed that the properties should, by the owners thereof, be conveyed to the Title Guarantee and Trust Company as trustee for certain beneficiaries, among whom was the defendant Pratt and the Provident Realty Investment Company. After the making of this agreement and the preparation of the trust agreements under which the property was to be conveyed to the Title Guarantee and Trust Company, and before the conveyance thereof, Pratt and his codefendant, the Provident Realty Investment Company, stated to Rogers that they would be unable to consummate the deal and carry out the terms of the agreement, unless they could secure the services of some party to co-operate with them in the handling thereof, and expressed their willingness, for a consideration of $1,250, to execute a contract with such party, giving him an equal right to the participation with defendants in the profits to be derived from the handling of said properties, as set forth in said proposed declarations of trust. Rogers informed Bowman of the proposition so made; whereupon she proposed to advance and pay to said defendants $1,250 for the right to an equal participation in the profits to be derived from the handling of said properties, provided Rogers would accept the position as selling agent to whom the defendants should delegate full authority to act in the matter. In furtherance of such agreement, Bowman instructed Thomas Ball, as her agent and attorney, to enter into a contract to that effect and pay defendant Pratt and his codefendant the sum of $1,250 when said properties were conveyed to the Title Guarantee and Trust Company. Thereupon, in pursuance of instructions so given by Bowman to Ball, he, on October 14, 1913, in his own name, executed the contract with defendant Pratt and his codefendant and paid to them the sum of $1,250. It is alleged in the complaint that, according to Bowman's instructions (which, in the absence of anything to the contrary, we assume to have been the instructions given Ball, her agent and attorney), the money was not to be paid to defendants until the conveyance was made to the Title Guarantee and Trust Company, "according to the true intent and purpose" of the declarations of trust. After the payment of this money, the City Builders Investment Company and the Big Five Cor-

poration refused to convey the property in accordance with their agreement so to do, and thereupon Bowman demanded the return of her $1,250. Neither Wood nor either of the corporations ever conveyed the property to the Title Guarantee and Trust Company, nor was either of the declarations of trust ever executed. It is further alleged that the $1,250 was paid to Pratt and his codefendant upon the sole consideration that said properties would be so conveyed, and by reason of the failure of the owners so to do the said Bowman received no consideration for the money so paid by her.

Subdivision 2 of section 17 of the act of 1903, in the plainest language, restricts the fraud which will prevent the release of a discharged bankrupt from provable debts to that of fraud by obtaining property by false pretenses or false representations. (*Zimmern* v. *Blount*, 238 Fed. 740, [151 C. C. A. 590].) There is absolutely nothing disclosed by the complaint from which the slightest inference in support of the contention that Pratt was guilty of obtaining the money of Bowman by means of false pretenses or false representations, can be drawn. On the contrary, it appears therefrom that the agreement was made between Pratt and Ball, each acting in good faith and, so far as shown, the former having no knowledge that Ball, with whom he contracted as a principal, was the agent of Bowman. Looking solely to the complaint upon which the judgment by consent was rendered, we find no allegation of fraud or deceit of any nature practiced by defendant upon plaintiff; indeed, stripped of immaterial and redundant matter, it appears that Ball, acting for an undisclosed principal and with full knowledge of the nature of the proposed and uncompleted speculative venture, paid Pratt $1,250 for a one-half interest therein, which, due to no fault of Pratt, was not consummated, owing to which fact it might be said there was a failure of consideration.

The authorities cited by respondents not only involve the interpretation of prior statutes the provisions of which were broader and entirely different from that under consideration, but the facts made to appear in such cases clearly brought them within the provisions of such statutes.

The order is reversed.

Conrey, P. J., and James, J., concurred.