MRS. O. F. GRIFFIN *v.* AARON BERGEDA *et al.**

*(Nashville.  December Term, 1925.)*

1. BANKRUPTCY. Liability of seller for return of price because of fraud not affected by discharge in bankruptcy.

Liability for return of purchase money for diamond ring, sold by false pretenses and false representations, knowingly, deceitfully, and fraudulently, *held* not affected by discharge in bankruptcy under National Bankruptcy Act, section 17, subsec. 2 (U. S. Comp. St., section 9601), as to "liabilities for obtaining property by false pretenses or false representations." (*Post, pp.* 515, 516.)

Acts cited and construed: Nat. Bankruptcy Act, sec. 17, subsec. 2.

2. BANKRUPTCY.  Bankrupt not liable after discharge for implied fraud.

In order for bankrupt, after discharge, to be liable for fraudulent act committed before discharge, fraud must be one of fact, involving moral turpitude or intentional wrong, and not implied, or fraud

---

*Right of bankrupt to discharge as affected by act of partner or agent, see notes in 20 L. R. A. (N. S.) 785; 30 L. R. A. (N. S.) 623.

(512)

Griffin v. Bergeda.

in law, which may exist without imputation of bad faith or immorality. (*Post, p.* 516.)

3. **BANKRUPTCY.** Misrepresentation of diamond ring held actual fraud.

Deceit of defendants in knowingly and fraudulently misrepresenting value of diamond ring *held* actual fraud, involving moral turpitude and intentional wrong as respected effect of discharge in bankruptcy. (*Post, p.* 516.)

Cases cited and approved: Zimmern v. Blount, 238F, 740; Bullis v. O'Beirne, 195 U. S., 606; Friend v. Talcott, 228 U. S., 27; In re Menzin, 238 F., 773.

Case cited and distinguished: Forsyth v. Vahmeyer, 177 U. S., 177.

4. **BANKRUPTCY.** Partnership. False representation of one partner held imputed to others.

False representation of one partner, by means of which property was obtained by partnership, will, in law, be imputed to other partners to extent of holding them civilly liable for the debt, and their discharge in bankruptcy will not discharge such liability. (*Post, pp.* 516, 517.)

5. **BANKRUPTCY.** Money is "property," within meaning of bankruptcy statute.

Money is "property," within meaning of Bankruptcy Act, section 17, subsec. 2, as amended in 1903 (U. S. Comp. St., section 9601) relating to liability after discharge for "willful and malicious injury to property." (*Post, pp.* 516, 517.)

Cases cited and approved: Frank v. Michigan Paper Co., 179 F., 779; McIntyre v. Kavanaugh, 242 U. S., 138; In re Louisville Nat. Banking Co., 158 F., 403.

---

*Headnotes 1. Bankruptcy, 7 C. J., Section 717; 2. Bankruptcy, 7 C. J., Section 717; 3. Bankruptcy, 7 C. J., Section 717; 4. Bankruptcy, 7 C. J., Section 717; 5. Bankruptcy, 7 C. J., Section 717.

FROM DAVIDSON.

152 Tenn.—33.

Appeal from the Circuit Court of Davidson County.—
Hon. E. F. LANGFORD, Judge.

WM. M. GREENE, for appellant.

LOUIS LEFTWICH, for appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the
Court.

The plaintiff purchased a diamond ring from the de-
fendants, doing a partnership jewelry business. After
she had paid for the ring, she discovered, upon exam-
ination by an expert, that it was materially defective,
and she thereupon demanded a rescission, and, this be-
ing refused, brought suit to recover the purchase price,
alleging in her declaration, as amended, that the pur-
chase money was obtained from her by false pretenses
and false representations of the defendants, acting know-
ingly, deceitfully, and fraudulently. The defendants, as
partners and individually, were thrown into bankruptcy,
and subsequently obtained their discharge. A plea of
discharge was interposed by one of the defendants, which
plea was demurred to as insufficient, in that it failed
to show that a discharge in bankruptcy operates to bar
a claim for money obtained by false pretenses and rep-
resentations, as the declaration charged in this case. This
appeal is from the judgment of the trial court sustaining
the plea of discharge, holding that the claim sued on is
dischargeable in bankruptcy.

We are of the opinion that the allegations contained
in the declaration as amended are sufficient to bring this
claim within that class not affected by discharge in bank-

ruptcy, as defined in subsection 2 of section 17 of the National Bankruptcy Act (U. S. Comp. St., section 9601); reading, "liabilities for obtaining property by false pretenses or false representations."

For the defendant it is insisted that the right to secure a discharge in bankruptcy is to be liberally construed, only those liabilities strictly within the act not being affected by the discharge, and that this claim, as stated in the declaration, is not within the terms of the exception. It is said that it is only frauds in fact, involving moral turpitude or intentional wrong, that are barred, and not implied fraud, or fraud in law, which may exist without imputation of bad faith or immorality. This is a proper distinction, but we are unable to escape the conclusion that the language of the amended declaration states a case within the terms of the section of the act above quoted. In *Forsyth* v. *Vahmeyer,* 177 U. S., 177, 20 S. Ct., 623, 44 L. Ed., 723, it is held that deceit is actual fraud, and deceit is here expressly charged. In that case the court said:

"The declaration proved alleges a false and fraudulent representation by means of which the plaintiff below was induced to advance money to the defendant to his damage in a named amount. . . . There can be no doubt that the defendant below was not discharged under the bankrupt act. A representation as to a fact, made knowingly, falsely, and fraudulently for the purpose of obtaining money from another, and by means of which such money is obtained, creates a debt by means of a fraud involving moral turpitude and intentional wrong. It is not necessary to enlarge upon the subject.

It is so plainly a fraud of that description that its mere statement obtains our ready assent.''

In *Zimmern* v. *Blount,* 238 F., 740, 151 C. C. A., 590 (5th Cir.) it was held that a count in a complaint alleging that defendant's agent, who negotiated the loan for him, falsely and fraudulently represented that the stock pledged to secure the loan had a certain market value, and that plaintiff was induced to part with money on such representation, and was so injured, is a sufficient statement of a cause of action in deceit; the averment that plaintiff was induced to part with his money by reason of the alleged false representation implying his ignorance of its falsity. In *Bullis* v. *O'Beirne,* 195 U. S., 606, 25 S. Ct., 118, 49 L. Ed., 340, the distinction is aptly drawn between actual and constructive fraud of the bankrupt. Other pertinent holdings are *Friend* v. *Talcott,* 228 U. S., 27, 33 S. Ct., 505, 57 L. Ed., 718, and *In re Menzin,* 238 F., 773, 151 C. C. A., 623 (2d Cir.).

It is also insisted for defendant Aaron Bergeda that the declaration charges his partner, David Bergeda, only, with the fraudulent conduct, and that this fraud cannot be imputed to Aaron Bergeda, the other member of the partnership, and that therefore the discharge granted him may properly be pleaded in bar of the suit against him. It is held that a false representation by one partner, by means of which property was obtained by the partnership, will, in law, be imputed to the other partners to the extent of holding them civilly liable for the debt, and their discharge in bankruptcy will not discharge their liability as to such debt. *Frank* v. *Michigan Paper Co.,* 179 F., 779, 103 C. C. A., 268, 30 L. R. A. (N. S.), 623 (4th Cir.). And in *McIntyre* v. *Kavanaugh,* 242 U.

S., 138, 37 S. Ct., 38, 61 L. Ed., 205, it is held that part-
ners are individually responsible for torts by the firm,
when acting within the general scope of the business,
whether they personally participate therein or not, and
that the unauthorized sale by a firm of brokers of cer-
tificates of stock held by the firm as collateral, and the
appropriation of the proceeds to the firm's use, is a "will-
ful and malicious injury to property," within the mean-
ing of section 17, subsection 2, of the Bankruptcy Act, as
amended in 1903.  And money is "property."  *In re
Louisville Nat. Banking Co.,* 158 F., 403, 85 C. C. A., 513.

It results that the judgment of the trial court must
be reversed and the case remanded.