## MATILDA SEERING BECKER v. PETER BRECHT AND ANOTHER.[1]

May 29, 1930.

No. 27,942.

C. O. Dailey, for appellant.
Moonan & Moonan, for respondent.

HOLT, J.

Defendant Pearl E. Brecht appeals from an order striking her answer as sham and ordering judgment to be entered for plaintiff.

[1]Reported in 231 N. W. 220.

The complaint is upon a judgment rendered in 1922 against appellant and her husband, Peter Brecht, for $1,877.65. The complaint sets forth in extenso the complaint in the action wherein was rendered the judgment sued on, alleges that the appellant answered said complaint, and that at a trial thereof the court instructed the jury that if it found that appellant herein and her husband obtained the property described therein from respondent by false pretenses and false representations a verdict for respondent for the value of the property so obtained should be returned; that a verdict for $1,800 was returned, upon which judgment was rendered, no part of which has been paid. Appellant's answer in this action admits that she was sued and answered, sets forth the verdict and judgment, but alleges that she was not present at the trial. She also averred that the action was for breach of contract and denies that it was for obtaining property by false pretenses or false representations, and sets forth that on August 19, 1929, she was duly adjudged a bankrupt and listed this judgment as one of her liabilities, and was thereafter duly discharged in the proper bankruptcy court, and she asks that the court order the judgment canceled. The motion to strike the answer as sham was submitted and heard, by stipulation of the parties, upon the files in the action of the judgment sued on, and the charge of the court therein.

The first proposition appellant advances is that the judgment exceeded by $220 the damages claimed in the complaint; therefore it is void. The stricken answer does not attack the judgment as excessive or in any other manner. It was not a default judgment. There was a trial. Even if she personally was not at the trial, as she alleges, the presumption would be that her attorney (now dead) who answered for her was there, so that nothing stood in the way of amending the complaint on the trial so as to increase the damages. Appellant did not attack the amount of the verdict either by motion for a new trial or appeal. She cannot now on this motion question the validity of a judgment she admits and which she listed as a liability in the bankruptcy court.

The question is whether the answer, alleging as the sole defense that the judgment in suit was obtained for breach of contract and

not for obtaining property by means of false and fraudulent pretenses or representations, is false. For, if the judgment was for damages for obtaining property by false pretenses or by fraudulent representation, the subsequent discharge in bankruptcy did not affect in any manner its enforceability. The falsity of the answer in this respect does not rest upon conflicting affidavits but upon stipulated facts, namely, the pleadings in the action wherein the judgment in suit was rendered, the charge of the court, and the verdict returned against both appellant and her husband for $1,800.

Apparently appellant does not contend that her husband's discharge in bankruptcy entitled him to a cancelation of this judgment, but she insists that the jury did not necessarily find by the verdict that she was a party to his fraud, and that one guilty of no more than a constructive fraud or of innocently receiving part of the proceeds of property obtained by the false pretenses of a third party is not guilty of such fraud as bars her from invoking her discharge in bankruptcy as a defense. But this contention is in fact untrue, for the complaint in the action for damages alleged a conspiracy between appellant, her husband, and certain other defendants to defraud plaintiff of her property and set forth the false pretenses by means of which it was accomplished; and the court submitted the issue, so far as appellant was concerned, in these words:

"If you find that it was a fraudulent transaction as claimed by the plaintiff, and that Pearl E. Brecht was a party to that fraud, or that she knew of it, she acquiesced in it and accepted a portion of the profits or proceeds from such fraudulent transaction, then she is liable to the same extent as her husband, and in that case your verdict will be a verdict against both defendants for the full amount."

The verdict was for the same amount against both. Hence the judgment cannot be predicated upon innocently sharing the fruits of her husband's fraud. And certainly the charge leaves no room for claiming that the judgment is for breach of contract. Although

the motion was heard upon the court's charge and the files, we think the files, under the stipulation, should be confined to the judgment roll, excluding a deposition and other loose papers found in the files.

There is scarcely any need to cite authorities to the effect that a judgment awarding damages for obtaining property by means of false pretenses or false and fraudulent representations is not affected or subject to cancelation by the judgment debtor's subsequent discharge in bankruptcy, even though it be therein duly listed as a liability. (11 USCA, § 35.) But we may refer to the cases cited in 1 Dunnell, Minn. Dig. (2 ed.) § 750, and to Zimmern v. Blount (C. C. A.) 238 F. 740; Griffen v. Bergeda, 152 Tenn. 512, 279 S. W. 385; Forsyth v. Vehmeyer, 177 U. S. 177, 20 S. Ct. 623, 44 L. ed. 723; Bullis v. O'Beirne, 195 U. S. 606, 25 S. Ct. 118, 49 L. ed. 340; McIntyre v. Kavanaugh, 242 U. S. 138, 37 S. Ct. 38, 61 L. ed. 205. The verdict establishes that appellant with full knowledge of the false and fraudulent pretenses or representations of her husband received part of the property obtained by means thereof, and that makes her a participant in active as distinguished from constructive fraud.

The order is affirmed.