FLORENCE et al. v. CRUMMER.*
No. 8548.

Circuit Court of Appeals, Fifth Circuit.
Jan. 4, 1938.

Charles L. Black, of Austin, Tex., and William Lipscomb and S. W. Marshall, both of Dallas, Tex., for appellants.

Dexter Hamilton, of Dallas, Tex., and R. B. Caldwell, of Kansas City, Mo., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellee, R. E. Crummer, brought this suit against Fred F. Florence and Republic National Bank & Trust Company, to recover damages for fraud. Omitting averments not essential to the decision, the petition, in substance, alleged: That plain-

---

*Rehearing denied Feb. 22, 1938.

tiff was the owner of certain bonds of the American Rio Grande Land & Irrigation Company, the property of which company was taken over by the Hidalgo and Cameron Counties Water Control and Improvement District No. 9 of Hidalgo and Cameron counties; that Republic National Bank & Trust Company was the trustee under the mortgage securing said bond issue of the irrigation company and bonds of said district No. 9 were deposited with said defendant bank to guarantee payment of the irrigation company's bonds; that default occurred in the payment of the first-mentioned bonds and through an agreement the bondholders accepted in exchange bonds of district No. 9; that thereby plaintiff became the owner of bonds of district No. 9 of the aggregate par value of $824,453.71; that district No. 9 got into financial difficulties and applied to the Reconstruction Finance Corporation for a loan to equal to 80 per cent. of its outstanding bonds; that defendant Florence was the president and principal executive officer of defendant Republic National Bank & Trust Company, and represented to the bondholders that he and the bank had great influence with the Reconstruction Finance Corporation and could negotiate a favorable loan; that plaintiff and the other bondholders believed him and agreed that he should conduct the negotiations; that defendant Republic National Bank & Trust Company held bonds of district No. 9 of par value of $200,000; that Southland Life Insurance Company held bonds of district No. 9 of the par value of $1,034,000; that American State Bank & Trust Company held bonds of district No. 9 of the par value of $204,-000; that First National Bank of Mercedes, Tex., held bonds of district No. 9 of the par value of $75,000; that Southland Life Insurance Company and American State Bank & Trust Company were heavily indebted to defendant Republic National Bank and the Reconstruction Finance Corporation; that First National Bank of Mercedes, Tex., was heavily indebted to defendant Republic National Bank & Trust Company, American State Bank & Trust Company, and the Reconstruction Finance Corporation; that defendant Florence informed plaintiff and other bondholders that the Reconstruction Finance Corporation would not make the loan unless all the bondholders of district No. 9 agreed to accept their pro rata of the loan in liquidation of their bonds and unless Southland Life Insurance Company, American State

Bank & Trust Company, and the First National Bank of Mercedes, should receive the equivalent of the cost of their bonds, and that the Republic National Bank & Trust Company would not enter into the agreement unless it received par for the bonds it held; that plaintiff and the other bondholders believed the statements made by defendant Florence and agreed to the plan as proposed by him; that the statements of defendant Florence, above set out, were false and fraudulent and intended to deceive plaintiff and other bondholders; that the loan was made on the basis of $699.90 per $1,000 and that plaintiff delivered his bonds to the defendant Republic National Bank for a sum equivalent to $504.70 for $1,000 par value; that the actual pro rata he should have received was $699.90 per $1,000 par value, and but for the false and fraudulent representations of defendants he would not have accepted less. Plaintiffs prayed for judgment for the difference between $699.90 per bond and $504.70 per bond, a total of $160,933.40.

The case was tried to a jury. At the close of the evidence a motion of defendants for a directed verdict in their favor was overruled. A verdict was rendered in favor of plaintiff for $160,933.40, as prayed for, upon which judgment was entered. This appeal followed.

Defendants assign error to the overruling of the motion to direct a verdict. There is no dispute as to the facts alleged in the petition as above recited except on the issue of fraud. There was evidence tending to show that the Republic National Bank & Trust Co. received par value for the bonds held by it, a total of about $400,000. None of the other bondholders received more for his bonds than the proportion of 504.70 per thousand except that the Southland Life Insurance Co., the American State Bank & Trust Co. and the First National Bank of Mercedes received slightly more for their bonds than that proportion, but none of the companies received par. Defendant Florence denied the statement attributed to him and denied that he was guilty of fraud on his own behalf or as a representative of the bank. The issue of fraud was submitted on conflicting evidence, which we will not stop to review as it is too voluminous to be briefly stated. It is sufficient to say that there was substantial evidence before the jury, which, if believed by them would support the verdict. It was not error to overrule the motion to direct.

Error is assigned to a part of the charge of the court fixing the amount of the verdict if favorable to plaintiff. The District Court charged the jury fully and fairly as to the law applicable to the case and instructed the jury that if they found for the plaintiff they would fix the measure of damages at the difference between $504.70 per $1,000, the amount plaintiff received for his bonds, and $699.90 per $1,000, the pro rata of the loan he should have received. These figures are not in dispute. Plaintiff was not suing for anticipated profits of which he had been deprived. He had been induced to part with his bonds for less than he was entitled to receive for them. The measure of damages is the loss he sustained by reason of the false representation. There was no other theory upon which the damages could be fixed than as set out in the charge. Southern Ice Co. v. Morris, 5 Cir., 219 F. 551; Zimmern v. Blount, 5 Cir., 238 F. 740; Smith v. Bolles, 132 U.S. 125, 10 S.Ct. 39, 33 L. Ed. 279.

Other errors assigned are entirely without merit and need not be discussed.

The record presents no reversible error.

Affirmed.