**In the Matter of Alexander RUTKOWSKI a/k/a Alex Rutkowski a/k/a Al Rutkowski d/b/a Herzog Realty, f/d/b/a Rutkowski Real Estate and f/d/b/a Edison-Rutkowski Real Estate, Bankrupt.**

**Bankruptcy No. 79 B 858.**

United States Bankruptcy Court, S. D. New York.

Feb. 14, 1980.

William M. Gruner, New Paltz, N.Y., for bankrupt.

Gellis & Melinger, New York City, for Nicholas and Minnie Tucci.

## DECISION ON COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO § 17a(2)

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Plaintiffs, Nicholas Tucci and Minnie Tucci, have filed a complaint against the bankrupt pursuant to § 17a(2) of the Bankruptcy Act. The plaintiffs allege that the bankrupt knowingly, willfully, fraudulently and wrongfully converted to his own benefit a mortgage assigned to him by the plaintiffs with the restriction that the bankrupt was not to record the assignment and that the bankrupt with knowledge of the restrictions subsequently recorded and sold the assigned mortgage, thereby depriving the plaintiffs of their interest in the mortgage. The bankrupt, Alexander Rutkowski, has denied the allegations in the complaint. The matter came on for trial, at which time both parties introduced evidence, resulting in the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. The bankrupt filed a voluntary petition in bankruptcy on May 11, 1979, and was thereupon adjudicated a bankrupt.

2. The bankrupt was a general partner with a 50% interest in a partnership known as Edison-Rutkowski Real Estate. The other general partner was William E. Edison.

3. An action entitled "Nicholas Tucci and Minnie Tucci, Plaintiffs, -against- Alexander T. Rutkowski, William E. Edison, Rose Zolchonok and Catskill Lake Development Corp., Defendants," commenced by the plaintiffs in the Supreme Court of the State of New York, Sullivan County, resulted in a judgment against Rutkowski and Edison in the sum of $50,302.15 based upon the defendants' wrongful assignment of the mortgage.

4. In his decision, the trial judge made the following findings of fact, which to the extent relevant, have been accepted by this court.

5. Plaintiffs owned a 200 acre parcel of real property in Parksville, New York.

6. The bankrupt and his partner were real estate brokers in the Sullivan County area.

7. The partnership, with William Edison as the broker, procured a purchaser for the plaintiffs' property. Subsequently, an agreement among the plaintiffs, the purchaser, Nicholas Barbaro, and William Edison was entered into whereby it was provided that Edison would hold $30,000 in cash to be paid to the plaintiffs at the closing on behalf of the purchaser. The agreement further provided that the plaintiffs and the purchaser would enter into a contract evidencing a purchase price of $70,000 exclusive of the $30,000 cash payment. Ten percent of the purchase price ($7,000) was to be paid on contract, an additional $3,000 was to be paid on closing and the balance was to take the form of a $60,000 first mortgage.

8. On or about July 19, 1973, plaintiffs, in need of extra cash, entered into an agreement with the defendants whereby they borrowed $17,000 and in turn made an assignment of the $60,000 mortgage held by them as collateral security for the repayment of the loan.

9. The bankrupt testified that on or about March 21, 1974, he transferred his interest in the plaintiffs' mortgage to Edison for $10,000.

10. In September, 1975, Edison assigned the plaintiffs' mortgage to a third party, Rose Zolchonok, for $46,000.

11. At trial, the bankrupt testified that he took no active part in the assignment of the plaintiffs' mortgage and that Edison was the principal actor in the transaction with Rose Zolchonok.

12. The trial judge found that the plaintiffs were entitled to the value of the mortgage note and bond wrongfully assigned by the defendants to Rose Zolchonok.

13. There is no question that Edison's conduct constituted a willful and malicious conversion of the property of the plaintiffs

within the meaning of § 17a(2) of the Bankruptcy Act. Indeed, such was the holding of Bankruptcy Judge J. Bratton Davis in the case *Tucci v. Edison*, 79 B 134 (Dist. of S.C., 8/21/79). Judge Davis found that the New York Supreme Court had determined that Edison had wrongfully converted to his own benefit a. mortgage assigned to him by the Tuccis despite his agreement with the Tuccis that he would not record the assignment, and that it was the recording and subsequent sale of the mortgage which constituted the willful and malicious conversion of the Tuccis' property.

14. The bankrupt did not actively participate in the assignment of the plaintiffs' mortgage by Edison and may be characterized as a passive partner.

### DISCUSSION

Section 17a(2) of the Bankruptcy Act (formerly 11 U.S.C. § 35(a)(2)) states in part, "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, . . . except such as . . . are . . . for willful and malicious conversion of the property of another."

 Although a conversion of another's property, if done intentionally and without justification, is a willful and malicious act within the meaning of § 17a(2), a technical conversion may lack the requisite elements of willfulness or maliciousness necessary to except the liability from discharge. *1A Collier on Bankruptcy*, pp. 1653–55 (14th Ed.). As Justice Cardozo stated in *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934),

> "[A] willful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice . . . In these and like cases, what is done is a tort, but not a willful and malicious one."

In this case, the plaintiffs have failed to establish by a preponderance of the evidence that the bankrupt intentionally and wrongfully participated in Edison's conversion of the mortgage assignment. A review of the complaint, findings and judgment of the New York Supreme Court case, within the context of the standards prescribed in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) reveals that the bankrupt took no active role in the conversion of the property or that the bankrupt's liability was based on anything other than the fact that he was a partner with Edison.

### CONCLUSION

1. The bankrupt did not willfully and maliciously convert the property of the plaintiffs within the meaning of § 17a(2) of the Bankruptcy Act.

2. The debt owing to the plaintiffs from the bankrupt is discharged.