In re William J. WARREN, d/b/a Open Hearth Restaurant & f/d/b/a Century Log Homes, Debtor.

TERMINAL BUILDER MART OF PIEDMONT, INC., Plaintiff,

v.

William J. WARREN, Defendant.

Bankruptcy No. 79–04805.
Adv. No. 80–0267.

United States Bankruptcy Court,
N. D. Alabama.

Nov. 3, 1980.

Jake B. Mathews, Anniston, Ala., for debtor.

Richard H. Cater, Anniston, Ala., for plaintiff.

Harold G. Quattlebaum, Anniston, Ala., trustee.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above–styled adversary proceeding was commenced by the plaintiff for the purpose of having the Court determine that a debt claimed by it against the debtor was not discharged by the order of discharge entered on May 19, 1980, in the debtor's case which was filed, and is pending, under Chapter 7, Title 11, United States Code. At a continued pre–trial conference, the attorney for the plaintiff agreed that the plaintiff's contention rests upon the exceptions to discharge found in the wording of Section 523(a)(2)(A) of said Title 11. This proceeding is now submitted to the Court for a decision upon the defendant's motion for a summary judgment.

The only pleadings in this proceeding are the plaintiff's complaint and the defendant's motion for summary judgment. The motion is supported by the defendant's affidavit and a copy of the front and back of the bank check involved in this proceeding. The plaintiff has filed an affidavit in opposition to the motion for summary judgment. Nothing else has been filed in this proceeding, except the memorandum briefs of the attorneys for the parties.

## UNCONTRADICTED FACTS

From the two affidavits, it appears to the Court that the following facts are without substantial controversy;

1. The defendant (the debtor in this case) and one B. E. (Sonny) Smith, Jr., were partners, doing business under the firm name of "Century Log Homes and Construction Company."

2. Smith drew a check dated March 2, 1979, to the order of the plaintiff, in the sum of $469.86, upon the bank account of the partnership, and gave the check to the plaintiff in payment for goods and materials purchased by him for the partnership, from the plaintiff;

3. The goods and materials were utilized in the partnership business;

4. The check was dishonored by the bank, on account of there being insufficient funds to the credit of the partnership's account for the payment of the check;

5. Later, each partner assured the plaintiff that the check would be made good; and

6. The check remains dishonored, and the debt for the goods and materials remains unpaid.

## REMAINING QUESTIONS OF FACT

Two questions of fact remain unanswered:

(1) Was the check given to the plaintiff before or after Smith obtained delivery of the goods and materials?

(2) If the check induced the plaintiff to part with the goods and materials, was there a fraudulent intent on Smith's part in giving the check to the plaintiff; i. e., did Smith know, or should Smith have known, that the check would not be paid by the bank?

## CONCLUSIONS BY THE COURT

■ In this proceeding, an obvious question is whether this debt is dischargeable in bankruptcy as a debt of this partner, even if it were clearly a debt created by false pretenses or false representations by the other partner, Smith, and not dischargeable in a case for Smith. If this question were an unsettled one, some doubt might be expressed as to how it should be properly answered. The question, however, appears to be fairly well settled and to the effect that a debt arising from the obtaining of goods by false pretenses of a partner, acting for the partnership, constitutes a claim which is not dischargeable in bankruptcy as to the misbehaving partner, the partnership, or an innocent partner.[1] For this reason, it does not appear that there is a fur-

ther question of fact in this case as to whether there was an active participation (or ratification) by the debtor–partner in the transaction between Smith and the plaintiff. The subsequent representation by the debtor–partner that the check would be made good, without more, is irrelevant to the question before the Court.

■ In view of the fact that there are at least two questions of material fact, it cannot be said in this case that there is no genuine issue as to any material fact; and the defendant's motion for a summary judgment is due to be denied.[2]

The Court takes note of the wide discrepancy between the undisputed facts and the allegations of the plaintiff's complaint. The complaint charges that the debtor purchased the goods from the plaintiff, gave his check therefor, falsely and fraudulently represented and that it was backed by adequate funds in the bank account, without any mention of the partnership or that the transaction was conducted by the debtor's partner. In accordance with the intent and purpose of Bankruptcy Rule 15 and Federal Rule of Civil Procedure 15(a), (b), and an indication by plaintiff's counsel at a continued pre–trial conference that plaintiff would seek to amend its complaint, the Court will require the plaintiff to amend forthwith and will not require the defendant to plead further (by delaying the effect of the overruling of the motion for summary judgment) until the plaintiff has amended the complaint.

## ORDER OF THE COURT

For good cause shown or found, it is ORDERED by the Court:

1. The plaintiff is directed and required to amend its complaint, as necessary to conform to the facts in this case, and to do so forthwith;

1. See *Frank v. Michigan Paper Company*, 179 F. 776 (4th Cir. 1910); *Griffin v. Bergeda*, 152 Tenn. 512, 279 S.W. 385 (1926); *In re Moore*, 1 B.R. 52 (Bkrtcy.C.D.Cal.1979). But see *Matter of Rutkowski*, 2 B.R. 677 (Bkrtcy.S.D.N.Y. 1980).

2. Bankr.R. 756; Fed.R.Civ.P. 56(c).

2. The defendant's motion for a summary judgment is overruled and denied, effective on the second business day after the filing of such an amendment by the plaintiff; and

3. A copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the plaintiff's attorney, the defendant, the defendant's attorney, the trustee, and the United States trustee.