## EDWARD N. LINN AND JAMES DECKER v. JOHN G. HAMILTON AND FREEMAN WOOD.

1. The remedy by *audita querela* having fallen into disuse, the practice has been adopted of giving relief on summary application, when the person or property of a bankrupt is taken under process issued on a judgment recovered before the discharge, and upon which the discharge operates; and the remedy is in the court out of which the execution issued. But the court will not discharge without giving the plaintiff an opportunity to show that the discharge is inoperative as against his debt, and will, in its discretion, determine the question on affidavits, in a summary manner, or direct an issue to ascertain the facts.

2. It is questionable whether, under the bankrupt act in force in the United States, the validity of a discharge may be assailed in the court in which it is pleaded, on the ground that it was fraudulently obtained; but the creditor may show, in answer to a defence of bankruptcy, that his debt is such that it is not affected by the discharge—as that it was created by fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character.

---

On application to set aside execution.

Argued at June Term, 1870, before DALRIMPLE, DEPUE, and VAN SYCKEL, Justices.

For the motion, *J. Vanatta.*

Contra, *A. W. Cutler.*

DEPUE, J. The plaintiffs recovered a judgment against the defendants as joint debtors, on the 7th day of December, 1858. Wood was afterwards discharged as a bankrupt, by proceedings in bankruptcy in the District Court of the United States for the eastern district of New York. His certificate of discharge bears date on the 28th day of May, 1868, and purports to discharge him from all debts and claims which, by the bankrupt act, were provable against his estate, and existed on the 31st of January, 1868. The execution the court is asked to set aside as against Wood, was issued on the above judgment on the 5th day of April, 1870, and has been executed by the sheriff of Hunterdon by a levy on certain property of said Wood, which he acquired after the said discharge.

The facts, then, before the court are these: judgment against joint debtors; discharge of one in bankruptcy after judgment recovered; a *fieri facias* issued on the judgment against both, after the discharge of one, and an application by the bankrupt defendant for relief against that process.

No evidence was offered at the hearing, except the certificate of discharge.

With respect to discharges under insolvent laws, " as a general rule, a defendant is bound to plead his discharge, if obtained in season; and if obtained *pendente lite,* he may plead it *puis darrein continuance.* If, however, the discharge is not obtained in season to be pleaded, the defendant will be allowed the benefit of it, by motion or otherwise, according to the nature of the measure taken against him or the proceeding from which he seeks relief," per EWING, C. J., *Lloyd* v. *Ford,* 7 *Halst.* 151. The remedy by *audita querela* having fallen into disuse, the same practice has been adopted.

of giving relief on summary application, where the person or property of a bankrupt is taken under process issued on a judgment upon which the discharge operates; and the remedy is in the court out of which the execution issued. If the goods of a certified bankrupt, acquired after his bankruptcy, are seized under a *fieri facias* issued upon a judgment in respect of a debt due before the bankruptcy, the court, on motion, will set aside the execution. *Davis* v. *Shapley*, 1 *B. & Ad.* 54; *Barrow* v. *Poile*, 1 *B. & Ad.* 629; *Humphreys* v. *Knight*, 6 *Bing.* 572; *Alcott* v. *Avery*, 1 *Barb. C. R.* 347, *and cases cited.* But the court will not discharge without giving the plaintiff an opportunity to show that the discharge is inoperative as against his debt, and, when necessary, will direct an issue to try the facts. *Lister* v. *Mundell*, 1 *B. & P.* 427; *Yeo* v. *Allen*, 3 *Doug.* 214; *Bamfield* v. *Anderson*, 5 *J. B. Moore* 331; *Eden on Bankruptcy* 428. Under the English statutes, the plaintiff may resist the application for relief in a summary way by showing that the certificate was fraudulently obtained, or that the bankrupt was not within the statute, or that, for any of the reasons mentioned in the statute, the discharge did not affect his debt. *Eden on Bankruptcy* 428, *and cases cited supra.*

It is questionable whether, under the bankrupt law in force in the United States, the validity of a discharge may be assailed in the court in which it is pleaded, on the ground that it was fraudulently obtained. The thirty-fourth section of the act seems to have vested the jurisdiction to try that fact, exclusively in the court in which the proceedings in bankruptcy were had. But the creditor may show, in answer to a defence in bankruptcy, that his debt is such that it is not affected by the discharge—as that it was created by fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character. Debts of the description just mentioned are, by the thirty-third section of the act, excepted from the operation of the discharge. On an application to set aside an execution executed on the subsequently acquired prop-

erty of the bankrupt, the plaintiff may resist it on any of the grounds which except his debt from the effect of the discharge, and the court will determine the question on affidavits, in a summary manner, or will grant an issue, in its discretion.

In this case the judgment is against joint debtors. The discharge of one of several persons who are liable for the same debt, either as partner, joint contractor, endorser, surety, or otherwise, will not affect the others. § 33, *Bankrupt Act.* The judgment being joint, and it being necessary to the validity of the execution that it should conform to the judgment, the execution is regular. 1 *Archbold's Prac.* 283. It cannot, therefore, be set aside. But the defendant, Wood, is entitled to have the levy made on his property, by virtue of the execution vacated, and the execution stayed, so far as it may be attempted to be levied on his property.

Order accordingly.

DALRIMPLE and VAN SYCKEL, Justices, concurred.

CITED *in Leggett* v. *Barton,* 11 *Vr.* 88.