## Richmond.

MORSE & ROGERS v. C. & H. KAUFMAN.

March 13, 1902.

1. BANKRUPTCY—*Discharge—Provable Debts—Fraud.*—Discharge in bankruptcy is a complete defence to an action of assumpsit to recover the price of goods sold before adjudication, and damages for obtaining such goods by fraud and false pretences. Clause 2 of section 17 of the Bankrupt Act excepts from the operation of a discharge *judgments* in actions for frauds or obtaining property by false pretences, but does not except *claims* created by fraud or false pretences; and clause 4 of said section is only applicable to debts created by fraud . . . . of one while acting as a public officer or in a fiduciary capacity.

Error to a judgment of the Circuit Court of the city of Richmond, rendered April 9, 1901, in an action of assumpsit wherein the plaintiffs in error were the plaintiffs, and the defendants in error were the defendants.

*Affirmed.*

The evidence in this case was sufficient to sustain the charge of fraud on a demurrer to the evidence, but, in the view of the case taken by the court, the fraud did not affect the result. The defendants filed three pleas, and made their discharge in bankruptcy a part of one of their pleas. They offered no evidence, but demurred to the evidence of the plaintiffs. The declaration and pleas were as follows:

### DECLARATION.

Virginia—Circuit Court of the City of Richmond, to-wit:

1st November Rules, 1899.

Morse & Rogers, a corporation duly created by and doing

business under the laws of the State of New York, plaintiff, complains of C. Kaufman and H. Kaufman, partners carrying on business under the firm name and style of C. & H. Kaufman, in the city of Richmond, Virginia, defendants, of a plea of trespass on the case in assumpsit. For this, to-wit, that heretofore, to-wit, on the 12th day of May, 1897, the said defendants' were indebted to the plaintiff in the sum of $538.30 for the price and value of goods then and there sold and delivered by the plaintiff to the defendants at their request.

And in the sum of $538.30 for the price and value of other goods bargained and sold by the plaintiff to the defendants at their request.

And in the sum of $538.30 for materials furnished then and there by the plaintiff to the defendants at their request.

And in the sum of $538.30 for money then and there paid by the plaintiff for the use of the defendants at their request.

And in the sum of $538.30 for money found to be due from the defendants to the plaintiff on account then and there stated between them.

And the plaintiff further says that after the said debt of $538.30 was made by the false pretences, false representations and fraud of the defendants, C. and H. Kaufman, the defendants procured from the United States District Court for the Eastern District of Virginia their discharge in bankruptcy, and the defendants claim that by their discharge their liability to the plaintiff upon the debt represented by the itemized account herewith filed as part of this declaration, showing a balance due of $538.30 as of May 12th, 1897, is discharged, although the court, in its order granting the said discharge expressly provided that it should have no such effect upon the debt represented by the said account, and therefore the same is not discharged; and the plaintiff says that the said debt represented by the said account was created by the fraud of the defendants, and is not cancelled by the said defendant's discharge in bankruptcy.

And the defendants afterwards, to-wit, on the day and year aforesaid, in consideration of the premises respectively, then and there promised to pay the said several sums of money respectively to the plaintiff on request.

Yet the defendants have disregarded their said promises, and have not paid any of the said several sums of money, or any or either of them, or any part thereof, but to pay the same have hitherto wholly failed and refused, and still refuse to the plaintiff's damage $700.

And therefore it brings its suit.

S. S. P. PATTESON, p. q.

### Plea No. 1.

And the defendants come and say that after the making of the several promises and undertakings in the said declaration mentioned, and before the commencement of this suit, to-wit: on the 4th day of May, in the year 1899, they filed their petition in the District Court of the United States for the Eastern District of Virginia, praying to obtain the benefits of the Act of Congress "to establish a uniform system of bankruptcy throughout the United States," in which petition the debt asserted by the plaintiff was scheduled, and by them proved in the proceedings before the referee in bankruptcy, and that, notwithstanding the protest of the plaintiffs, these defendants did, on the 22d day of September, 1899, receive their discharge in bankruptcy from the Judge of the District Court of the United States for the Eastern District of Virginia, which discharge released them from any and all liability by reason of the existing debt due to the plaintiffs at the time of the filing of their petition in bankruptcy aforesaid, and that said debt is not such as is excepted by chapter 3, section 17, of the act of Congress aforesaid, from the operation of a release by a discharge in bankruptcy, a certi-

fied copy of which discharge is hereto attached and prayed to be taken as part of this plea.

And this the said defendants are ready to verify.

C. KAUFMAN,
H. KAUFMAN.

S. L. Bloomberg, p. d.

State of Virginia—City of Richmond, to-wit:

This day personally appeared before me, the undersigned notary public in and for the city aforesaid in the State of Virginia, C. Kaufman and H. Kaufman, and each of them, being duly sworn, made oath that the statements contained in the foregoing plea are true to the best of their knowledge and belief.

Given under my hand this 6th day of November, 1899.

SOL. L. BLOOMBERG,
Notary Public.

*Copy of Order Discharge in Bankruptcy.*

In the District Court of the United States for the Eastern District of Virginia:

In the matter of Carl Kaufman and Harry Kaufman, individually and as late partners under the firm name of C. & H. Kaufman, No. 62, in bankruptcy.

*Bankrupts.*

Whereas Carl Kaufman and Harry Kaufman, of Richmond, Va., in said district have been duly adjudged bankrupts, under the Acts of Congress relating to bankruptcy, and appear to have conformed to all the requirements of law in that behalf, it is therefore ordered by this court that the said Carl Kaufman and Harry Kaufman, individually and as late partners under the

firm name of C. & H. Kaufman, be discharged from all debts and claims which are made provable by said acts against their estate and which existed on the 4th day of May, A. D. 1899, on which day the petitions for adjudication were filed by them, excepting such debts as are by law exempted from all the operations of a discharge in bankruptcy.

EDMUND WADDILL, Jr.,

Sept. 22d, 1899.            .·            U. S. Dist. Judge.

United States of America,    } *ss.:*
   Eastern District of Virginia, }

I, Joseph P. Brady, deputy clerk United States District Court for the Eastern District of Virginia, do hereby certify that·the foregoing is a true copy of order entered on the journal of said court.

Witness my hand and the seal of said court at Richmond this 6th day of November, A. D. 1899.

{   Seal of   }
{ the Court. }

JOSEPH P. BRADY,
Deputy Clerk.

### Plea No. 2.

And the said defendants come and say that the claim asserted in the declaration was not created by false pretences, false representations or fraud of themselves, the said defendants, or either of them, and that the said order granting them their discharge did not provide that said discharge should have no effect upon the debt represented by said account as alleged in said declaration.

And of this the said defendants put themselves upon the country.

C. KAUFMAN,
H. KAUFMAN.

### Plea No. 3.

And the said defendants, by their attorney, come and say that they did not undertake or promise in manner and form as the said plaintiffs have complained, and of this the said defendants put themselves upon the country..

S. L. BLOOMBERG, p. d.

*S. S. P. Patteson,* for the plaintiff in error.

*Sol. L. Bloomberg* and *Harold S. Bloomberg,* for the defendants in error.

Whittle, J., delivered the opinion of the court.

This case involves the construction of paragraphs 2 and 4 of section 17 of the Bankruptcy Act of 1898.

It appears that between April 1 to May 12, 1897, defendants in error, retail shoe dealers in the city of Richmond, purchased a bill of goods from plaintiffs in error, a corporation doing a wholesale business in New York; that on May 18, 1897, defendants in error made an assignment of all their assets for the benefit of creditors; and that on May 4, 1899, the individual members and the firm filed petitions in bankruptcy in the District Court of the United States for the Eastern District of Virginia, and were discharged September 22, 1899. Subsequently, plaintiffs in error instituted an action at law against defendants in error in the Circuit Court of the city of Richmond upon the account referred to.

The declaration contained the common counts in assumpsit, and a special count, that the goods were procured by the false pretences, false representations, and fraud of the defendants.

There was a demurrer to the declaration (presumably for the misjoinder of counts on contract and in tort), which was overruled; and also a plea of non-assumpsit, a plea denying the

fraud, and a plea setting up the discharge in bankruptcy. At the trial, after the evidence for the plaintiff had been introduced, the defendant demurred to the evidence, in which the plaintiff joined. The jury having returned a verdict in the usual form, the court sustained the demurrer to the evidence, and rendered judgment for the defendants.

It was insisted, on behalf of the plaintiffs in error, that as the jury would have been warranted, by the circumstances of the case, in finding that it was not the purpose of the defendants to pay for the goods when purchased, and that the debt was created in fraud, it was not discharged by the bankruptcy of the defendants, and that the trial court should, therefore, have overruled the demurrer to the evidence, and given judgment for the plaintiffs.

If the correctness of the foregoing premises be admitted, the conclusion contended for would have followed under section 33 of the Act of 1867; for that section, in terms, declares that no debt created by the fraud of the bankrupt shall be discharged. But the provisions of the Act of 1898 are essentially different from those of the Act of 1867 in respect to debts which are not to be affected by a discharge in bankruptcy.

The subdivisions of section 17 of the Act of 1898, bearing upon the question under consideration, are as follows:

"Debts not affected by a discharge. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as: . . .

" (2), are judgments in actions for frauds, or obtaining property by false pretences or false representations, or for willful and malicious injuries to the person or property of another; . . . or

" (4), were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

It will be observed that the first part of section 33 of the

Act of 1867, in relation to debts created by fraud, is carried into paragraph 2 of section 17, *supra,* with the qualification that there must be a judgment in actions for frauds; while the latter part of section 33, in respect to fiduciary debts, is incorporated in paragraph 4.

Plaintiffs' claim is not within the exception of paragraph 2, because no judgment had been obtained upon it in an action for fraud. The manner in which the demand is evidenced, as well as its original nature, is an essential ingredient in determining whether or not the particular debt will be barred by a discharge.

Subdivision 2 does not except from the operation of a discharge *claims* created by fraud, or by obtaining property by false statements, or by willful and malicious injury to the person or property of another, but *judgments* recovered in actions for fraud on claims arising out of those conditions.

By the plain language of the paragraph, the demand will be barred by a discharge in bankruptcy, unless reduced to judgment, and unless the judgment, read in connection with the pleadings in the case, shows that it was recovered in an action for fraud, or obtaining property by false pretences or false representations, or willful and malicious injuries to the person or property of another. This construction was placed upon the enactment by the District Court of the United States for the Northern District of Iowa, in a well-considered opinion. *In re Rhutassel,* 2 Am. B. R. 697 (96 Fed. 597).

In that case the wisdom of the limitation is commended as a protection to bankrupts against constant worry and pressure from creditors claiming that debts due them had been created by false statements with respect to the financial condition of the debtor.

But whatever may have been the motive for the enactment, the language is unambiguous, and cannot be enlarged and ex-

tended by judicial interpretation to embrace subjects beyond its purview. See also *In re Lewensohn,* 3 Am. B. R. 596, 99 Fed. 73; *Burnham* v. *Piddock,* 5 Am. B. R. 42; *Dry Goods Co.* v. *Hudson,* 6 Am. B. R. 657.

It would seem to be equally clear that the demand of plaintiffs in error is not within the exception of subdivision 4 of section 17. It is not pretended that the claim was created by the bankrupt's "fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

The contention that "fraud" should be segregated from the qualifying language, "while acting as an officer or in any fiduciary capacity," is without merit. Such interpretation would not only destroy the grammatical structure of the sentence, and contravene its plain meaning, but would likewise be inconsistent with paragraph 2 of the same section, that a creditor should have obtained a judgment in an action for fraud, in order to override a discharge in bankruptcy. See *In re Lewensohn, supra*; *Bracken* v. *Milner,* 5 Amer. B. R. 23, 104 Fed. 522; *In re Bullis,* 7 Am. B. R. 238, 249.

The learned editor of the American Bankruptcy Reports, who is also the author of Collier on Bankruptcy, has appended the following note to the report of the case *In re Rhutassel, supra*:

"It would seem from the above opinion, and it is undoubtedly true, that the debts created by fraud, mentioned in paragraph 4 of section 17 of the Bankruptcy Act, are only debts of a bankrupt who was an officer, or who was acting in a fiduciary capacity. The word 'fraud,' as used in that subdivision, like the words 'embezzlement and defalcation,' is limited to officers and fiduciaries."

It is unnecessary to discuss this case in any other aspect. What has been said is predicated upon the theory, most favorable to the plaintiffs in error, that the jury would have been warranted, under the circumstances of the case, in inferring that

the debt was fraudulent in its inception.  The demand asserted was barred by the discharge in bankruptcy of defendants in error, and there was no error in the proceedings complained of detrimental to plaintiffs in error.

The judgment of the Circuit Court must be affirmed.

*Affirmed.*