CONSOLIDATED PLAN OF CONNECTICUT, INC. *v.* ROSARIO
BONITATIBUS ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 7—decided June 23, 1943.

*David R. Lessler,* for the appellant (plaintiff).

*Harold F. Rosen,* with whom, on the brief, was *Ernest Capozzi,* for the appellee (defendant).

DICKENSON, J. The plaintiff had a judgment against the defendants in an action on contract and brought this action upon it to recover a balance due. The defendants pleaded discharges in bankruptcy as a special defense. The plaintiff replied that the original debt was a loan secured by fraudulent representations

and that the judgment, by virtue of Section 17a (2) of the Bankruptcy Act as amended in 1903 (11 U. S. C. A., § 35), relating to liabilities incurred as a result of obtaining money by false representations, was not discharged. The defendants denied fraud and pleaded the Statute of Limitations as to the fraudulent representations. No reply was made to this defense. Upon trial the plaintiff offered evidence of the fraudulent representations, but the court ruled it irrelevant and inadmissible and rendered judgment for the defendants. From this judgment the plaintiff appealed upon the ground that it was entitled to show fraud in the original transaction despite the fact that the judgment it sued on was in contract.

The facts are as follows: The plaintiff loaned the defendants $300 on June 12, 1930, for which they executed a note providing for repayment in monthly instalments. They failed to repay the loan and the plaintiff sued for the balance on two counts. The first count was based on the "common counts" and the second on the note. The defendants made no appearance and judgment was entered on June 30, 1931, for the plaintiff for $274.28 on a sworn bill of particulars referring to the note and the amount due on it. Thereafter, between July 26, 1932, and February 15, 1935, the defendants paid $37.50 on the judgment. On November 26, 1932, the defendant Rosario Bonitatibus was adjudicated a bankrupt and was discharged on or about January 10, 1934. The defendant Gaetanina Bonitatibus was adjudicated a bankrupt on September 24, 1935, and discharged on or about December 30, 1936. The plaintiff was duly listed as a creditor in both cases and received due notice of the proceedings. The discharge recited that the defendants were discharged from all debts and claims provable under the Bankruptcy Act "except such debts as are, by said

Act, excepted from the operation of a discharge in bankruptcy." The trial court concluded that the record in the original action was decisive of the character of the debt and that the discharges in bankruptcy were a bar to recovery.

The provision in the Bankruptcy Act which applies to the situation provides that "a discharge . . . shall release a bankrupt from all of his provable debts, except such as . . . are liabilities for obtaining property by false pretenses or false representations."

The legal relation between creditors and debtors as to a debt that is not discharged is the same as though proceedings in bankruptcy did not exist. *American Woolen Co.* v. *Maaget,* 86 Conn. 234, 240, 241, 85 Atl. 583. The plaintiff in the instant case loaned money to the defendants and had their note as evidence of this fact. It now claims the loan was made on the basis of fraudulent representations. The plaintiff had a cause of action in contract, which it pursued to judgment. It could have sued in tort for the fraud and, if it proved the necessary facts, have had judgment on that ground. These were distinct causes of action. The plaintiff has taken no step toward the prosecution of an action in fraud. It contends it may go behind the judgment in contract and avail itself of fraud in contracting the debt in an action on that judgment. It cites numerous authorities which it claims supports its contention that fraud may be shown in an action on a contract judgment. We have examined them and find that with few exceptions they contain qualifications which affect their applicability. Where there was doubt as to the character of the judgment, for instance, evidence of its character as a fraud judgment was admitted as basis for an exception from discharge; *Linn & Decker* v. *Hamilton & Wood,* 34 N.J.L. 305, 307; where the records of the court were destroyed by

fire the creditor was allowed to prove that the debt arose out of fraud; *Forsyth* v. *Vehmeyer,* 177 U. S. 177, 20 Sup. Ct. 623; and so, also, where, to an original action in contract, the plaintiff, before judgment, added fraud in his reply to a defense of discharge. *Zimmern* v. *Blount,* 238 Fed. 740, 745, 151 C. C. A. 590. *Boynton* v. *Ball,* 121 U. S. 457, 465, 7 Sup. Ct. 981, is authority for the proposition that merger of a simple contract debt into judgment does not change its character, which supports the defendants' position rather than the plaintiff's. In *In re Tuccillo,* 42 Fed. Sup. 857, 858, the facts established the conduct of the bankrupt to have been "wilful and malicious" and so the claim based upon them was not discharged although the complaint did not charge the offense in these words.

We call attention to these authorities for the reason that some of them, at least, are cited in support of a decision that furnishes the main ground for the plaintiff's contention, *Gehlen* v. *Patterson,* 83 N. H. 328, 141 Atl. 914. This case expressly held that where a note merged in a judgment this did not bar recovery in an action on that judgment where the defense was a discharge in bankruptcy, it appearing there was fraud in obtaining the loan for which the note was given. It cites *Brown* v. *Hannagan,* 210 Mass. 246, 248, 96 N. E. 714, in support. It proceeds on the theory (p. 333) that to cause the plaintiff to "suffer by having reduced the note to judgment before the bankruptcy would be to impose a vicarious penalty which congress is not to be assumed to have intended." The Bankruptcy Act neither takes away from nor adds to the right of the creditor in fraud. It leaves him precisely as he was. If he had a right of action before proceedings in bankruptcy were instituted, he has the same right after a discharge. His right is to prosecute his action in the

state court under the procedural as well as substantive law of the state. The real cause of action the plaintiff is asserting is one for the recovery on a contract, and the fact that it might have based its claim for recovery on an additional or other cause of action for fraud does not alter the nature of the cause it is asserting, and this cause is not a liability for obtaining property by false pretenses or fraud.

In *Hargadine-McKittrick Dry Goods Co.* v. *Hudson,* 111 Fed. 361, it was held that in an action on a promissory note, with a discharge in bankruptcy pleaded as a defense, the plaintiff could not prove that the debt originated in fraud; but that case was decided under the statute as it stood before the amendment of 1903; and, while the decision was affirmed in the Circuit Court, it was upon grounds not involving this question. *Hargadine-McKittrick Dry Goods Co.* v. *Hudson,* 122 Fed. 232, 58 C.C.A. 596. The lower court's decision in this case was followed in *American Surety Co. of New York* v. *Spice,* 119 Md. 1, 85 Atl. 1031; and see also *Morse* v. *Kaufman,* 100 Va. 218, 40 S. E. 916. In *Ames* v. *Moir,* 130 Ill. 582, 593, 22 N. E. 535, in an action in contract with a like defense, the issue whether the debt originated in fraud was treated as a question of fact, and the decision was affirmed in the Supreme Court of the United States; *Ames* v. *Moir,* 138 U. S. 306, 11 Sup. Ct. 311; but the question before us was not in issue before either court. "Where . . . a liability has been prosecuted to judgment, the record is decisive as to the character of the claim upon which the judgment is founded, and cannot be affected by the introduction of parol evidence except in the case of ambiguity." 1 Collier, Bankruptcy (14th Ed.), p. 1606.

The ruling of the trial court that evidence of false representations in obtaining the loan on which the

plaintiff's judgment was based was irrelevant and inadmissible was correct.

There is no error.

In this opinion the other judges concurred.