This appeal was set down for argument on January 5, 1962. On that date, the appellant, the defendant, failed to appear. We then *Page 410 
ordered an adjournment to January 15, 1962, at which time the cause was argued, and we dismissed the appeal summarily for lack of jurisdiction, on the authority of Circuit Court Rule 7.37.1; Marcil
v. A. H. Merriman Sons, Inc., 115 Conn. 678, 682; and In re Application of Title Guaranty Co.,109 Conn. 45, 51. However, in view of the fact that the defendant, a layman, acted in his own behalf, we deem it in the interest of justice to record our views.
In consideration of the entire record and in treating the actions of the defendant as appeals, we are forced to do violence to established appellate procedure and the law, in the desire to give him his full day in court. For the purpose of argument and decision, the separate appeals from the rulings of the trial court (a) denying the motion to erase, (b) granting the motion to expunge, and (c) granting the motion to restore to the docket have been consolidated.
No final disposition of this case was ever made in the former City Court of Stamford. Accordingly, the case was pending in the Circuit Court on January 1, 1961. General Statutes, § 51-273. In the Circuit Court, first circuit, the following summarized apposite events occurred. (1) The defendant filed a further "answer," having previously filed an "answer," "counterclaim," and "second answer" in the City Court of Stamford. (2) The defendant's motion to erase the case from the docket was denied, and from this order the defendant appealed. (3) The plaintiff moved to expunge a further pleading by the defendant entitled "amended answer" and "counterclaim," on the ground that it was not filed by leave of court and that it contained scandalous, libelous, irrelevant and immaterial allegations; from an order granting the motion, the defendant filed another appeal. (4) Pursuant to notice published in the Connecticut Law Journal on *Page 411 
May 23, 1961, and other notice given the defendant, at a session of the Circuit Court held on June 5, 1961, this case was stricken from the docket, continuance not having been requested in writing. (5) Thereafter, a motion to restore to the docket was filed and granted, and again the defendant has appealed from the ruling.
An appeal may be taken to the Supreme Court of Errors only from a final judgment. General Statutes § 52-263. The Circuit Court Act makes similar provision: "Appeals from any final judgment or action of the circuit court . . . shall be taken to an appellate session of such court . . . ." § 51-265;State v. Wilson, 22 Conn. sup. 345 (App.Div.).
The most recent expression of our Supreme Court of Errors on this subject is found in Gores v. Rosenthal,148 Conn. 218, which is controlling as to the major portion of the instant appeal. In that case, an appeal was taken from orders of the trial court granting a motion to stay the proceedings pending determination of an application for arbitration and denying a motion to expunge a counterclaim. The Supreme Court of Errors said (p. 221): "Under the circumstances of this case, an appeal lies only from a final judgment. . . . The test whether a judgment is `final,' in the sense that an appeal may be taken from it, lies not in its nature, for the case may still remain in the trial court for further proceedings, but in its effect as concluding the rights of some or all of the parties. . . . If such rights are concluded so that further proceedings after the entry of judgment cannot affect them, then the judgment is `final' and may be made the basis of an appeal. . . . An order staying proceedings does not terminate the action but merely postpones its disposition. . . . It is an interlocutory order. . . . There was no final judgment and this court has no jurisdiction of the appeal. . . . The appeal from *Page 412 
the denial of the motion to expunge the counterclaim must fail for the same reason." (But see dissenting opinion [p. 222], holding that the order granting the stay is a final judgment and appealable.)
We hold that the rulings of the trial court denying a motion to erase from the docket and granting a motion to expunge the "amended answer" and "counterclaim" are not conclusive of the rights of the parties and are, therefore, not final judgments on which to base an appeal.
It is well settled that an order granting a motion to restore a case to the docket is not a final judgment from which an appeal lies. Hoberman v. Lakeof Isles, Inc., 138 Conn. 573, 575; Lusas v. St.Patrick's Roman Catholic Church Corporation,123 Conn. 166, 167; Glazer v. Rosoff, 120 Conn. 120, 122; Maltbie, Conn. App. Proc. §§ 10-16. This disposes of the appeal from the order restoring the case to the docket.
 The appeal is dismissed.
In this opinion TUNICK and HAYES, Js., concurred.