ASSOCIATES DISCOUNT CORPORATION *v.*
DONALD W. BURNS

APPELLATE DIVISION OF THE CIRCUIT COURT

File No. CV 2-611-1351

Argued September 9—decided November 26, 1963

*James W. Macauley, Jr.,* of Fairfield, for the appellant (defendant).

*Milton H. Hausman,* of Bridgeport, for the appellee (plaintiff).

PRUYN, J. On January 17, 1961, this action was commenced for the recovery of a deficiency under a conditional sale contract; it proceeded to a default judgment for the plaintiff and an order for weekly payments on March 7, 1961. Thereafter this case had a long and bizarre history. A wage execution was issued and on May 29, 1961, on motion of the defendant, the judgment was opened. On June 2, 1961, the defendant filed a motion for disclosure and production which was complied with by the plaintiff on July 26, 1961. In the meantime, a motion to rehear the motion to open the judgment was denied on June 13, 1961; an application by the defendant for a stay of execution was granted on June 8, 1961; and the defendant filed a second motion to open the judgment on June 12, 1961. On November 30, 1961, the defendant filed a petition in bankruptcy in which he listed the plaintiff as a creditor and was adjudicated a bankrupt. A default for failure to plead was entered on February 5, 1962, and on May 28, 1962, a default judgment for the plaintiff was entered. On August 9, 1962, the defendant was discharged in bankruptcy. On May 29, 1963, an order for weekly payments was entered. On June 1, 1963, the defendant filed his motion for a perpetual stay of proceedings; it was denied on July 22, 1963, on the ground that the bankrupt failed to take timely and appropriate action in the case at bar in respect to his discharge in bankruptcy. It is from this denial that the defendant has appealed.

A discharge in bankruptcy releases the bankrupt from his provable debts, with certain exceptions not material to this case. 30 Stat. 550, as amended, 11

U.S.C. § 35. It is not a payment or extinguishment of the debt but it is a bar to enforcement of the debt by legal proceedings; it furnishes the bankrupt with a complete affirmative defense to any subsequent action on the debt; such defense is personal to the bankrupt and may be waived by him. *Helms* v. *Holmes,* 129 F.2d 263, 266 (4th Cir.); *In re Innis,* 140 F.2d 479, 480 (7th Cir.), cert. denied, 322 U.S. 736; 1 Collier, Bankruptcy (14th Ed.) ¶ 17.31; 8 Remington, Bankruptcy (6th Ed.) § 3240. And it is immaterial whether the debt exists in its original form or has been reduced to judgment. *Boynton* v. *Ball,* 121 U.S. 457, 466. If the bankrupt wishes to take advantage of this defense, he "must take timely and appropriate action in any cause pending against him in a state court." *Jenkins* v. *Bishop Apartments, Inc.,* 144 Conn. 389, 392. No court other than the bankruptcy court can take judicial notice of the discharge. *Eyster* v. *Gaff,* 91 U.S. 521, 524; 1 Collier, op. cit. ¶ 17.31; 8 Remington, op. cit. § 3240. While the filing of a petition in bankruptcy or an adjudication of bankruptcy does not constitute a valid defense, as it does not absolve the bankrupt from any agreement, does not terminate any contract and does not discharge any liability *(Personal Finance Co.* v. *Lillie,* 129 Conn. 290, 293), the bankrupt, upon adjudication of bankruptcy, should apply for a stay of proceedings in a pending action in which no judgment has been entered and then, upon obtaining his discharge, properly plead it as an affirmative defense. *Jenkins* v. *Bishop Apartments, Inc.,* supra; *Rood* v. *Stevens,* 49 Conn. 45, 47; 1 Collier, op. cit. ¶ 17.32. If the bankrupt neither applies for a stay nor pleads his discharge, the court may proceed with the suit as in regular course and any judgment therein is valid and may be enforced. *Brown* v. *J. & E. Stevens Co.,* 52 Conn. 110, 115; *Eyster* v. *Gaff,* supra. Similarly, where the discharge

is obtained after a judgment has been rendered, the discharge may be available to the bankrupt for use as a bar to proceedings upon the judgment. *Consolidated Plan of Connecticut, Inc.* v. *Bonitatibus,* 130 Conn. 199, 203; *Carrington* v. *Holabird,* 17 Conn. 530, 537; 1 Collier, op. cit. ¶ 17.32.

In applying these well-established principles of the law of bankruptcy to the case before us, we find the following sequence of events: (a) judgment by default, (b) opening of judgment, (c) adjudication in bankruptcy, (d) a second judgment by default, (e) discharge in bankruptcy, (f) proceedings to enforce the judgment, (g) application for perpetual stay of proceedings. Although the first judgment had been opened at the time of the adjudication in bankruptcy, the defendant, who was then represented by counsel, did not apply for a stay of proceedings but allowed the suit to go to judgment a second time by default. When he received his discharge in bankruptcy less than three months after the second judgment, he did not avail himself of the remedy provided under § 52-212 of the General Statutes by moving to open the judgment within the four-month time limit. *Jacobson* v. *Robington,* 139 Conn. 532, 536. It was not until the plaintiff, a year after the entry of judgment, sought to enforce it that the defendant took any measures to prevent its enforcement by virtue of his discharge. The defendant failed to take timely and appropriate action in respect to his discharge and by his conduct waived whatever right he had to utilize the discharge as a bar to the plaintiff's claim.

The defendant, however, argues that the defense of discharge may be interposed whenever the creditor seeks a remedy on his judgment, citing *Carrington* v. *Holabird,* supra, and *Consolidated Plan of Connecticut, Inc.* v. *Bonitatibus,* supra, in support

thereof. In the *Carrington* case, the court held that the facts fell within the general rule that "when to enforce a judgment recovered is against conscience, and where the applicant had no opportunity to make defence, or was prevented by accident, or the fraud or improper management of the opposite party, and without fault on his own part," a new trial will be granted. In that case, a new trial was granted to permit the party to present the defense of discharge in bankruptcy, which he did not previously have the opportunity of pleading. In the *Consolidated Plan* case, the debtors raised the defense of discharge in the creditor's suit on the judgment some seven years and five years after their respective discharges in bankruptcy, but the judgment was entered on June 30, 1931, one debtor was adjudicated a bankrupt on November 26, 1932, and was discharged on January 10, 1934, and the other debtor was adjudicated a bankrupt on September 24, 1935, and was discharged on December 30, 1936. Obviously, there was no question of waiver in either case. In the case at bar, the defendant allowed two opportunities to pass by without taking any steps in relation to his bankruptcy, the first, his failure upon his adjudication in bankruptcy to apply for a stay, and the second, his failure upon his discharge to move to open the judgment. He slept on his rights.

There is no error.

In this opinion KINMONTH and LEVINE, Js., concurred.