STATE OF CONNECTICUT *v.* PAUL J. CORBAN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 2-0505

Argued March 2—decided April 27, 1964

*Frederick F. Ehrsam,* of Bridgeport, for the appellant (defendant).

*John P. Evans,* assistant prosecuting attorney, for the appellee (state).

PER CURIAM. The defendant has appealed from the denial by the trial court of his motion to dismiss the information. By stipulation dated November 20, 1962, and filed with the trial court, the parties stipulated to the following facts: On January 31, 1961, the defendant was arrested for speeding and was issued a summons directing him to appear before the Circuit Court in Fairfield on February 17, 1961. The defendant failed to appear on that date,

and the court issued a final notice ordering him to appear on March 29, 1961. The defendant again failed to appear. On August 20, 1962, the defendant received a postcard notice to appear in the Circuit Court in Bridgeport on August 24, 1962. From the time of his arrest until August 24, 1962, the state took no other action against the accused. The case was assigned for a hearing to be held on September 27, 1962. On September 24, 1962, the defendant filed a motion to dismiss the information, which motion was denied on September 28, 1962.

The ground on which the motion to dismiss was made was that the lapse of time between the date of the arrest and the date set for a hearing was so great that the defendant's constitutional right to a speedy trial was violated. The defendant appealed from the denial of his motion. By order dated October 8, 1963, his time to file a request for a finding and draft finding was extended to October 24, 1963. No such papers having been filed, the state, on January 28, 1964, filed a motion to dismiss the appeal for failure to prosecute it diligently. There has been no trial of this case.

The court, on its own motion, has raised the question of its jurisdiction to entertain this appeal. An appeal to the Appellate Division of the Circuit Court lies only from a "final judgment or action of the circuit court." General Statutes § 51-265. We have held that the adjective "final" modifies not only the word "judgment" but also the word "action." *State* v. *Wilson,* 22 Conn. Sup. 345, 346. Appeals to the Supreme Court of Errors from the Superior Court or the Court of Common Pleas are allowed from final judgments. General Statutes § 52-263. In a long line of cases, the Supreme Court of Errors has held that, in the determination whether a ruling or decision of a trial court is a

"final judgment" from which an appeal will lie, the test is not in the nature of the judgment but in its effect as concluding the rights of some or all of the parties. See such cases as *Gores* v. *Rosenthal,* 148 Conn. 218, 221; *State* v. *Fahey,* 146 Conn. 55, 57; *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 574; *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370, 373, and cases cited therein. "Any order or proceeding which disposes of the cause, and places the parties out of court, is final." *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 31. The denial of the defendant's motion to dismiss the information is not a "final judgment" or a final "action" of the Circuit Court; it does not conclude the rights of the parties or dispose of the cause, nor does it place the parties out of court; the parties are in the same position in respect to the disposition of the case as they were in prior to the making of the motion. There has been no final adjudication of their rights. It has been repeatedly held that the denial of a motion to dismiss a criminal information is not a ground of appeal. *State* v. *Smith,* 149 Conn. 487, 489; Maltbie, Conn. App. Proc. § 212.

The question of jurisdiction may be raised at any time. *State* v. *Serkau,* 128 Conn. 153, 156. Every court has inherent power to determine whether or not it has jurisdiction of the proceeding before it. *Long* v. *Zoning Commission,* 133 Conn. 248, 249. Until that question is determined, the court can proceed no further. It makes no difference how the question comes to the attention of the court, and the court may act suo motu. *Felletter* v. *Thompson,* 133 Conn. 277, 280; *Willard* v. *West Hartford,* 135 Conn. 303, 306; *Woodmont Assn.* v. *Milford,* 85 Conn. 517, 524.

Determining as we do that this court lacks jurisdiction of this appeal because it is not from a "final

judgment or action of the circuit court," we dismiss the appeal on our own motion.

The appeal is dismissed.

PRUYN, JACOBS and LEVINE, Js., participated in this decision.