E. INGRAHAM EMPLOYEES FEDERAL CREDIT UNION
*v.* KENNETH F. DOYLE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 17-633-1550

Argued May 3—decided July 22, 1965

*Allen J. Segal,* of Plainville, for the appellant (defendant).

*Louis F. Hanrahan,* of Bristol, for the appellee (plaintiff).

Pruyn, J. The plaintiff brought this action to recover the balance alleged to be due it on a promissory note, alleging in substance that on March 9, 1956, it made a loan to the defendant of $2264 in reliance on his application therefor dated March 8, 1956, in which he listed no debts outstanding. It is further alleged that at the time the financial statement was made, the defendant had a debt to American Finance Company which he failed to list and that the defendant made the financial statement knowing it to be false and with the intent of inducing the plaintiff to make the loan and of defrauding the plaintiff. The execution, delivery and terms of the note are not in dispute. The defendant pleaded discharge in bankruptcy as a special defense.

The finding made by the trial court, with such corrections as are warranted, reveals the following facts: On March 8, 1956, the defendant made application to the plaintiff for a loan in order to purchase an automobile and signed a financial statement and application which contained over his signature the following: "I, the undersigned, hereby certify that

the above statements are made for the purpose of obtaining this loan and are true to the best of my knowledge and belief. Furthermore, I do not have, nor will I obtain, any other credit for the purchase of the above article." There were no debts listed in the financial statement. On March 9, 1956, the plaintiff's office manager told the defendant that its credit committee would approve the loan for $2264 if he put in the deal $300 in cash. Thereupon the defendant obtained a loan of $300 from the American Finance Company. The plaintiff then approved the loan, the defendant executing the promissory note in suit and a chattel mortgage on the car to the plaintiff. On or about November 20, 1962, the defendant filed a petition in bankruptcy in the United States District Court for the district of Connecticut and was thereafter discharged from all his provable debts except such as were excepted from the operation of a discharge in bankruptcy. At the time the defendant made his application, the statement therein that he had no debts was true. The trial court concluded that the defendant's conduct was a fraud upon the plaintiff and that the debt was not discharged in the bankruptcy proceedings.

The Bankruptcy Act, § 17 (a) (2), as amended in 1960, provides in part: "(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations, or for . . . obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive . . . ." 52 Stat. 851 (1938), amended by 74 Stat. 409 (1960), as amended, 11 U.S.C. § 35 (a) (2) (1964). See *Consolidated Plan of Connecticut,*

*Inc.* v. *Bonitatibus,* 130 Conn. 199. The elements necessary to sustain an action for fraud are the following: (1) a representation made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made for the purpose of inducing the other party to act thereon; (4) that the latter was in fact induced to act thereon; and (5) that he did so act to his injury. *Helming* v. *Kashak,* 122 Conn. 641, 642. All the foregoing essentials must be proven, and the absence of any one of them is fatal to recovery. *Bradley* v. *Oviatt,* 86 Conn. 63, 67. The representation made by the defendant in the financial statement that he had no debts was true at the time it was made on March 8, 1956, and therefore no fraud can be based thereon. The defendant's promise not to obtain other credit was not a representation of an existing fact but a promise not to do something in the future and cannot be fraudulent without an intent on the part of the promisor at the time he made the promise not to keep the promise. *Flaherty* v. *Schettino,* 136 Conn. 222, 226; *Sallies* v. *Johnson,* 85 Conn. 77, 79, 81, Restatement, 2 Contracts § 473. There is nothing in the finding, nor is there a scintilla of evidence, of any such intent. It is clear that the financial statement when it was made was in nowise false and fraudulent.

The fraud which the court found was the breach of the promise not to obtain further credit for the purchase of the car. This breach was, as appears from the evidence, induced by the action of the plaintiff in telling the defendant to get $300 in cash. The fraud alleged in the complaint was that the defendant when he made the financial statement failed to list an existing debt to the American Finance Company and that he made the financial statement knowing it to be false and with intent to induce the plaintiff to make the loan and to defraud

the plaintiff. The finding and the evidence do not support these allegations. No attempt was made by the plaintiff to have the pleadings conform to the proof. "While our courts have followed a liberal policy in passing upon claims of variance between pleading and proof, it is still the law that the allegations of the complaint provide the measure of recovery." *Antonofsky* v. *Goldberg*, 144 Conn. 594, 599. The recovery here was based on materially different facts and the defendant was prejudiced thereby.

It is unnecessary to consider the defendant's remaining assignments of error.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion KOSICKI and LEVINE, Js., concurred.