STATE OF CONNECTICUT *v.* RICHARD C. MARTIN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 2-35790

Argued October 28—decided December 13, 1968

*Burton M. Weinstein,* of Bridgeport, for the defendant.

*Jack L. Grogins,* assistant prosecuting attorney, for the state.

MacDONALD, J. Following presentment on an information charging him with the crimes of breach of the peace, resisting arrest and being found intoxicated (General Statutes §§ 53-174, 53-165 and 53-246), the defendant, who to date has not been put to plea, filed a motion for a bill of particulars, the motion consisting of some eighteen separately numbered paragraphs seeking to elicit from the state detailed information in respect to the crimes charged. Following a hearing, the trial court granted ten paragraphs of the motion and denied eight, ordering the state to furnish the information sought to the extent indicated. The state has complied with the court order. See Practice Book §§ 495, 496.

In an unorthodox, if not irregular, proceeding which defies precedent, we are now asked to rule on the validity of the trial court's action, clearly an interlocutory ruling, on the grounds, inter alia, that "harmful prejudicial error" has been committed "at the outset of these proceedings," and that to deny this petition "would be to pre-ordain that a conviction would have to be overturned on appeal and that the state and defendant would both be put to the time and expense of a needless trial." To set forth these contentions is to demonstrate their invalidity. In reality the defendant concedes that the trial court's order is purely interlocutory in nature but argues "in an extra-ordinary request," on the authority of State v. Cullum, 23 Conn. Sup. 20, 24, 1 Conn. Cir. Ct. 120, 124, that it is "really a final judgment which would compel reversal if defendant is convicted." State v. Cullum, supra, is not pertinent to the record before us. So far as it urged upon us here, it stands only for the well-known proposition that we are not bound to consider claims of error which are improperly raised in an appeal validly taken from a final judgment but may do so in the

interest of public welfare and to avoid doing serious injustice to a defendant.

On the limited record before us, it is manifest that (a) the rights of the defendant have been preserved and protected, and (b) the proceedings, far from being final, remain in a preliminary stage. Certain it is that the rights of the defendant have not been concluded. Certain it is that all avenues of legal due process (including eventual appeal from a possible judgment of conviction) remain open.

In essence the petition before us constitutes an appeal from an interlocutory ruling of the trial court. Appeal to the Supreme Court may be taken only from a final judgment or action. General Statutes § 52-263; *Howarth* v. *Northcott,* 152 Conn. 460, 462; *Gores* v. *Rosenthal,* 148 Conn. 218, 221; Maltbie, Conn. App. Proc. §§ 9, 10. This also applies to the Circuit Court. General Statutes § 51-265; *State* v. *Wilson,* 22 Conn. Sup. 345, 346, 1 Conn. Cir. Ct. 19, 20; *Gaudio* v. *Romanov,* 23 Conn. Sup. 409, 411, 1 Conn. Cir. Ct. 275, 277.

The petition for a stay of the pending proceedings and for leave to argue the validity of the trial court's ruling on the bill of particulars is denied.

In this opinion DEARINGTON and WISE, Js., concurred.