The record in this case shows that an information was filed against the defendant containing two counts, one charging commission of the crime of the possession of marihuana and the other possession of controlled drugs. The file contains, in consecutive date order, the affidavit and application for a search and seizure warrant, the search warrant, a motion for a bill of particulars, the answer *Page 519 
to the motion for a bill of particulars, a motion to produce subsequent search warrant, a motion to suppress evidence, a motion to quash and/or dismiss, the court's memorandum of decision on the motions to suppress and quash, a demurrer, and a motion to require the state to comply fully with the motion for a bill of particulars filed. The defendant has not been put to plea.
The record indicates that on November 8, 1971, a $10 record fee was paid and a motion for extension of time to file a draft finding was filed, but no formal appeal paper was filed, either on that date or subsequent thereto.
Although there would appear to be, on the record, considerable question as to whether a valid and timely appeal has been filed, the state's motion to dismiss is addressed solely to the claim of lack of jurisdiction in this court to hear the appeal because no final judgment has been entered. Since this claim can be dispositive of the appeal, this court will confine itself to deciding the issue of lack of jurisdiction thereby raised.
Reverting to the fundamentals of appellate procedure, it must be noted that § 778C of the Practice Book, part of the rules adopted for the taking of appeals to the Appellate Division of the Court of Common Pleas (essentially the same rules as were previously in force with reference to appeals taken to the Appellate Division of the Circuit Court; see Practice Book § 952) specifically points out that an appeal "in a criminal case is from a judgment of conviction or a judgment on a verdict of not guilty." This rule further makes clear that "notice of the judgment shall be deemed to have issued when, in a criminal case, sentence is pronounced in open court or the verdict of acquittal is accepted in open court." *Page 520 
The defendant in his brief argues that the state's motion to dismiss is not the proper pleading. A motion to erase, he claims, is the exclusive remedy to test whether an appeal is taken from a final judgment. In the context of an appeal to this court the claim is without merit.
We must deal herein with a specific appeal procedure set forth in the rules of practice adopted and made applicable to appeals taken to the Appellate Division of this court. Section 781D of the rules of appellate procedure applicable to appeals from the Circuit Court to this Appellate Division is entitled "Dismissal of Appeal." See also Practice Book § 976. Its language is unequivocal that "[t]he appellate panel may, on motion of any party or of its own motion, dismiss any appeal for lack of jurisdiction." This rule of practice conforms to the similar rule relative to appeals to the Supreme Court where lack of jurisdiction to hear the appeal is claimed Practice Book § 697. Maltbie, Connecticut Appellate Procedure (2d Ed.) §§ 272 and 273, discusses and makes this point clear.
Section 600 of the Practice Book (made applicable by § 794 [see also § 1023] to appeals taken to the Appellate Division of this court) allows an appeal to be taken from a final judgment of the court or from a decision setting aside a verdict or from the denial of a motion to set aside a nonsuit or from the denial of a motion for judgment notwithstanding the failure of the jury to return a verdict. This conforms to § 52-263 of the General Statutes, relating to appeals to the Supreme Court.
The only actions taken by the trial court were to (1) deny the motion to suppress evidence and (2) deny the motion to quash and/or dismiss. The defendant in effect argues in the instant "appeal" that the denial of these motions constituted a final *Page 521 
"action" of the Circuit Court. Both motions raised claims of illegal issuance and execution of the search warrant and failure to "conform or comply with the4th, 5th and 14th Amendments to the United States Constitution, and Article 1, Section 1 and Section 7
of the Constitution of the State of Conn.; and Section54-33a through 54-33g of the General Statutes."
The issue as to whether a final judgment has been rendered or final action taken, thereby making it appealable, has been discussed and analyzed in numerous decisions of the Appellate Division of the Circuit Court. See State v. Saavedra, 5 Conn. Cir. Ct. 367, 372; State v. Martin, 5 Conn. Cir. Ct. 310, 312; Alberino v. Criscuolo, 3 Conn. Cir. Ct. 132, 134;State v. Corban, 2 Conn. Cir. Ct. 577; Gaudio v.Romanov, 23 Conn. Sup. 409, 411, 1 Conn. Cir. Ct. 275, 277. They make it clear that if the proceedings are in a preliminary stage and the rights of the defendant have not been concluded, no final judgment or action is at issue. In a criminal case it is the imposition of sentence which constitutes the final judgment. State v. Wilson, 22 Conn. Sup. 345,346, 1 Conn. Cir. Ct. 19, 22, quite relevantly elucidates the meaning of the language set out in General Statutes § 51-265 that an appeal may lie from "any final judgment or action of the circuit court." It points out that whether a judgment is involved, or an action — including orders and rulings which technically are judgments, though not so — the sine qua non is that it puts a finality to the particular issue involved, thereby making it appealable.
State v. Dionne, 24 Conn. Sup. 59, 60, 1 Conn. Cir. Ct. 395, 396, emphasizes that the "adjective `final' in this section [§ 51-265] modifies the word `action' as well as the word `judgment.'"
An example of a "final action" held to be appealable is set out in Associates Discount Corporation *Page 522 
v. Burns, 2 Conn. Cir. Ct. 386, 387. There the court denied the defendant's motion for a perpetual stay of proceedings in an action claiming a deficiency under a conditional sale contract, where after judgment was rendered for the plaintiff upon default the defendant was ordered to make certain weekly payments. The "Per Curiam" footnote (p. 387), discusses the issue raised — that no final judgment had been rendered — and refers to numerous decisions of our Supreme Court holding that "in determining whether a ruling or decision of a trial court is a `final judgment' from which an appeal will lie the test is not in the nature of the judgment but in its effect as concluding the rights of some or all of the parties." The defendant in Associates Discount Corporation
v. Burns, supra, had received a discharge in bankruptcy and, relying thereon, had moved for a permanent stay of proceedings which was denied because the motion was not timely filed. The plaintiff's attack on the validity of the appeal was turned down on the ground that "[t]he denial of the defendant's motion for a perpetual stay of proceedings places the defendant in exactly that position; he is out of court once and for all time."
A more recent decision of our Supreme Court,Castle v. Planning Zoning Commission, 155 Conn. 617,619, again emphasizes that "[i]f the rights of the parties are concluded so that further proceedings after the rendition of an order cannot affect them, the order is a final judgment, from which an appeal will lie." This conforms with and reemphasizes the language in Gores v. Rosenthal,148 Conn. 218, 221: "The test whether a judgment is `final,' in the sense that an appeal may be taken from it, lies not in its nature, for the case may still remain in the trial court for further proceedings, but in its effect as concluding the rights of some or all of the parties. Banca Commerciale Italiana Trust *Page 523 Co. v. Westchester Artistic Works, Inc., 108 Conn. 304,307.... If such rights are concluded so that further proceedings after the entry of the judgment cannot affect them, then the judgment is `final' and may be made the basis of an appeal."
State v. Bowling, 5 Conn. Cir. Ct. 516, makes clear that the right of appeal in a criminal case is not absolute and is of relatively recent origin.
In the light of the fact that the defendant herein has not even been put to plea yet, the language of the court in State v. Martin, 5 Conn. Cir. Ct. 310, 312, is quite apropos here: "On the limited record before us, it is manifest that ... the proceedings, far from being final, remain in a preliminary stage. Certain it is that the rights of the defendant have not been concluded. Certain it is that all avenues of legal due process (including eventual appeal from a possible judgment of conviction) remain open."
This court must conclude that the denial of the motions in issue is an interlocutory ruling reviewable upon an appeal from the final judgment. This court lacks jurisdiction over this purported appeal because it is not taken from a final judgment or action of the Circuit Court.
 The appeal is dismissed for lack of jurisdiction.
In this opinion O'BRIEN and MISSAL, JS., concurred.