**Murray GOLD, Appellant,**

v.

**The STATE OF CONNECTICUT et al., Appellees.**

**Docket No. 76–8031.**

United States Court of Appeals, Second Circuit.

Argued Feb. 3, 1976.

Decided Feb. 25, 1976.

Victor M. Ferrante, Bridgeport, Conn., and William M. Kunstler, New York City, for appellant.

Jerrold H. Barnett, New Haven, Conn., for appellees.

Before HAYS, MULLIGAN and GUR-FEIN, Circuit Judges.

---

**92**

PER CURIAM:

 Appellant is the defendant in a current trial for murder in the state court in Connecticut. Judge Zampano of the United States District Court for Connecticut refused to issue an order holding that the bail in which he is now being held in the amount of $200,000 is excessive and unconstitutional. We have carefully reviewed the papers and affirm his order.

Appellant also contends that his attorneys are being subjected to an unconstitutional "gag order" issued by the trial court which prevents any lawyers participating in the case from taking part in interviews for publicity and from making extra-judicial statements about the case. Before we can turn to the merits of the claim that the state court order is overbroad in First Amendment terms, we must consider whether there is occasion for intervention by the federal court.

Ordinarily, federal courts cannot review orders of state trial judges in pending criminal prosecutions under the principles of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), regardless of whether declaratory or injunctive relief is sought. *Samuels v. Mackell*, 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688, 693 (1971). Under certain circumstances, however, federal review may be available where such orders affect First Amendment rights not capable of vindication through direct appeal from conviction. See *Gerstein v. Pugh*, 420 U.S. 103, 108 n. 9, 95 S.Ct. 854, 860, 43 L.Ed.2d 54, 61 (1975). Such review would be proper, however, only where it is clear that there are no state court remedies available to resolve the First Amendment questions. See *Wallace v. Kern*, 520 F.2d 400, 406–07 (2 Cir. 1975). The appellant in this case has failed to show the absence of such remedies. See, e. g., Conn.Gen.Stat. Ann. §§ 52–263, 52–265a; *State v. Chapnick*, 30 Conn.Supp. 518, 297 A.2d 77, 79 (C.P.1972). Appellant has made no effort to seek state appellate review. We must, accordingly, affirm the district court, abstaining from interference with the state criminal prosecution in the interests of comity.